Courtesy Copy

United States Bankruptcy Court
Southern District of Texas
FILED

FEB 2 9 2008

Michael N. Milby, 

# BEFORE THE JUDICIAL PANEL ON
# MULTI-DISTRICT LITIGATION

| | |
|---|---|
| In re: | ) |
| | ) |
| BP PRODUCTS NORTH AMERICA, INC. | )    MDL Docket No. _____ |
| ANTITRUST LITIGATION | ) |
| ———————————————————— | ) |

## MOTION OF BP PRODUCTS NORTH AMERICA, INC. FOR
## TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS
## PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED
## PRETRIAL PROCEEDINGS

BP Products North America, Inc. ("BPPNA"), the defendant in the case styled *Koch*

*Supply & Trading, L.P. v. BP Products North America, Inc.*, United States District Court for the

Southern District of Texas No. 4:08-cv-00377, files this motion for consolidation and transfer of

pretrial proceedings under 28 U.S.C. § 1407.  In support of its motion, BPPNA states as follows:

1.      BPPNA is filing this Motion to Transfer so that the recently-filed *Koch* case can

be administered along with the eighteen other actions that allege the same causes of action

arising out of the same set of alleged facts (the "Related Cases").  All of the Related Cases are

currently pending in the United States District Court for the Northern District of Illinois.

2.      Judicial economy and conservation of the resources of all parties weigh heavily in

favor of transferring the newly-filed *Koch* case to the same Court where the other eighteen

Related Cases are already pending so that it may be consolidated with the Related Cases.

3.     The Northern District of Illinois is an appropriate forum for all of the Related Cases, including *Koch*. Plaintiffs and their counsel in eighteen other cases have recognized the Northern District of Illinois as the natural home for these cases, BPPNA is headquartered in Illinois, and the Northern District of Illinois has already performed substantial work to consolidate and handle the Related Cases.

In further support of its motion, BPPNA submits an accompanying Brief and refers the court to the points and authorities contained therein.

WHEREFORE, BPPNA respectfully requests that the Court consolidate all of the Related Actions, including *Koch*, pursuant to 28 U.S.C. § 1407. BPPNA further requests transfer of *Koch* to the Northern District of Illinois, where the other eighteen Related Cases are already pending.

Date:   February 27, 2008

Respectfully submitted,

Richard C. Godfrey, P.C.
David J. Zott, P.C.
Andrew A. Kassof
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:     (312) 861-2000
Facsimile:     (312) 861-2200

*Attorneys for Defendant BP Products North America, Inc.*

2

United States Bankruptcy Court
Southern District of Texas
FILED

FEB 2 9 2008

Michael N. Milby, Clerk

## BEFORE THE JUDICIAL PANEL ON
## MULTI-DISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BP PRODUCTS NORTH AMERICA, INC. | ) | MDL Docket No. _____ |
| ANTITRUST LITIGATION | ) | |
| ———————————————————— | ) | |

### BP PRODUCTS NORTH AMERICA, INC.'S BRIEF IN SUPPORT OF ITS
### MOTION FOR 28 U.S.C. § 1407 TRANSFER

BP Products North America, Inc. ("BPPNA"), the defendant in the case styled *Koch Supply & Trading, L.P. v. BP Products North America, Inc.*, United States District Court for the Southern District of Texas No. 4:08-cv-00377, files this motion for consolidation and transfer of pretrial proceedings under 28 U.S.C. § 1407 so that the recently-filed *Koch* case can be administered along with the eighteen other actions that allege the same causes of action arising out of the same set of alleged facts (the "Related Cases").

Seventeen of the eighteen Related Cases are putative class actions (some of which propose certification of classes that would include plaintiff Koch), that are currently pending in the United States District Court for the Northern District of Illinois before the Honorable James Zagel.[1] To date, Judge Zagel has appointed Interim Class Counsel and has entered separate Case

---

[1] The eighteenth Related Case - *Amerigas Propane, L.P. et al. v. BP North America, Inc. et al.*, No. 08 C 981 - was filed in the Northern District of Illinois on February 15, 2008. Although it was originally assigned to Judge
(Continued...)

Management Orders for "direct purchasers" and for "indirect purchasers." The current schedules established by Judge Zagel provide ample time and opportunity for the *Koch* case to be consolidated with the other Related Cases before initial motions are decided, and before the parties complete substantial discovery. Judicial economy and conservation of the resources of all parties weigh heavily in favor of transferring the newly-filed *Koch* case to the same Court where the other seventeen Related Cases are already pending so that it may be consolidated with the Related Cases before Judge Zagel. Accordingly, BPPNA respectfully requests that all actions be transferred to and centralized before Judge Zagel in the Northern District of Illinois.

## INTRODUCTION AND PROCEDURAL CONSIDERATIONS

When the *Koch* case was filed on February 1, 2008, seventeen Related Cases arising from the same conduct and making the same allegations had already been consolidated and pending before Judge Zagel, most for one and a half years. Interim Class Counsel had been appointed more than a year earlier, and Judge Zagel had already entered two Case Management Orders — one for "direct purchasers" and one for "indirect purchasers." As shown below, the core purposes of MDL consolidation - the just, efficient and consistent adjudication of overlapping multi-district actions - decisively favors transferring *Koch* to the Northern District of Illinois and there consolidating it with the other Related Cases. Any other result would allow the tail to wag the dog.

---

Darrah, BP America intends to seek transfer of *Amerigas Propane* to Judge Zagel under the Local Rules of the Northern District of Illinois.

I.      **ALL CASES FILED PRIOR TO *KOCH* HAVE BEEN CONSOLIDATED BEFORE ONE JUDGE IN THE NORTHERN DISTRICT OF ILLINOIS.**

      A.      **All of the Related Cases filed prior to Koch were either filed in the Northern District of Illinois, or were voluntarily transferred to the Northern District of Illinois.**

The *Koch* case, like all of the other Related Cases, stems from a single action filed against BPPNA on June 28, 2006 in the Northern District of Illinois by the United States Commodity Futures Trading Commission ("CFTC"). Captioned *U.S. Commodity Futures Trading Commission v. BP Products North America, Inc.*, No. 06 CV 3503 (N.D. Ill.) (Docket No. 1) ("*CFTC v. BP Products*") that case alleges that BPPNA (i) attempted to corner the market for TET propane[2] in April 2003 (*CFTC v. BP Products* Compl. ¶ 6); (ii) built a sizable "long" position during January 2004 in physical February 2004 TET propane (*id.* at ¶ 49); (iii) "cornered" the February 2004 TET physical propane market (*id.* at ¶¶ 1, 3); and (iv) was able to manipulate the price of February 2004 TET physical propane (*id.* ¶ 1).

Within one day of the CFTC's filing *CFTC v. BP Products*, private plaintiffs began filing tag-along actions against BPPNA based upon the same allegations of the CFTC's complaint, and indeed often parroting the CFTC's allegations verbatim. To date, nineteen civil federal actions (including *Koch*) have been filed against BP Products based upon those allegations:

Seventeen of the eighteen filed actions have been pending before a single judge in the Northern District of Illinois. Most have been pending for a year and a half or more:

- *Terry, et al. v. BP Products North America, Inc.*, No. 06 CV 3551, filed June 29, 2006 in the Northern District of Illinois ("*Terry*").

---

2    TET refers to the Texas Eastern Transmission Corporation. The term "TET propane" refers to propane that is deliverable at the Texas Eastern Products Pipeline Co., LLC ("TEPPCO") storage facility located in Mont Belvieu, Texas or anywhere within the TEPPCO system. (*CFTC v. BP Products*, N.D. Ill. Case No. 06-cv-3505, Dkt #1, Glossary.)

- *Dennison, et al. v. BP Products North America, Inc., et. al.*, No. 06 CV 3541, filed June 29, 2006 and amended June 30, 2006 in the Northern District of Illinois ("*Dennison*").

- *Levin v. BP Products North America, Inc.*, No. 06 CV 03570, filed June 30, 2006 in the Northern District of Illinois ("*Levin*").

- *SchagrinGAS Co. v. BP Products North America, Inc., et al.*, No. 06 CV 3621, filed July 6, 2006 in the Northern District of Illinois ("*SchagrinGAS*") and consolidated with the other "direct purchaser" actions in a Consolidated Complaint filed March 15, 2007.

- *Withum v. BP Products North America, Inc.*, No. 06 CV 3744, filed July 11, 2006 in the Northern District of Illinois ("*Withum*").

- *Styer Propane, LLC v. BP Products North America, Inc.*, No. 06 CV 3871, filed July 18, 2006 in the Northern District of Illinois ("*Styer Propane*") and consolidated with the other "direct purchaser" actions in a Consolidated Complaint filed March 15, 2007.

- *Sydor v. BP Products North America, Inc.*, No. 06 CV 4188, filed August 3, 2006 in the Northern District of Illinois ("*Sydor*").

- *Cassells, et al. v. BP Products North America, Inc., et al.*, No. 06 CV 3837, filed July 14, 2006 in the Northern District of Illinois ("*Cassells*").

- *Nebel v. BP Products North America, Inc., et al.*, No. 06 CV 4363, filed August 11, 2006 in the Northern District of Illinois ("*Nebel*").

- *White v. BP Products North America, Inc.*, filed July 14, 2006 in District Court of Caddo County, Oklahoma, removed to the Western District of Oklahoma on August 16, 2006, transferred to the Northern District of Illinois and assigned Case No. 06 CV 6994 on November 3, 2006, and transferred to Judge Zagel to be consolidated with the other Related Cases on December 28, 2006 ("*White*").

- *Ridgway v. BP Products North America, Inc.*, filed July 18, 2006 in the Western District of Oklahoma, transferred to the Northern District of Illinois on November 3, 2006, assigned No. 06 CV 6108, and transferred to Judge Zagel to be consolidated with the other Related Cases on January 11, 2007 ("*Ridgway*").

- *Plaut, et al. v. BP Products North America, Inc. et al.*, No. 06 CV 4577, filed August 23, 2006 in the Northern District of Illinois ("*Plaut*").

- *Mowers v. BP Products North America, Inc.*, No. 06 CV 4680, filed August 29, 2006 in the Northern District of Illinois ("*Mowers*").

- *Halpern v. BP Products North America, Inc., et al.*, No. 06 CV 4736, filed August 31, 2006 in the Northern District of Illinois ("*Halpern*").

- *Meharg v. BP Products North America, Inc., et al.*, No. 06 CV 5293, filed September 29, 2006 in the Northern District of Illinois ("*Meharg*").

- *Parke J. Patten, Inc., d/b/a Patten Inc. or Patten's Gas v. BP Products North America, Inc.*, No. 06 CV 5325, filed September 29, 2006 in the Northern District of Illinois ("*Patten*") and consolidated with the other "direct purchaser" actions in a Consolidated Complaint filed March 15, 2007.

- *Guin v. BP Products North America, Inc.*, No. 07 CV 3531, filed June 22, 2007 in the Northern District of Illinois ("*Guin*").

- *Amerigas Propane, L.P., et al. v. BP North America, Inc., et al.*, No. 08 C 981, filed February 15, 2008 in the Northern District of Illinois ("*Amerigas Propane*").

Of the eighteen Related Cases, two (*Ridgway* and *White*) were originally filed in jurisdictions other than the Northern District of Illinois.  Counsel for Ridgway filed a Motion for Transfer Under 28 U.S.C. § 1407 before the Panel on August 2, 2006, and sought transfer of all of the Related Cases to the Western District of Oklahoma.  BPPNA and plaintiffs in several of the Related Cases responded to Ridgway's Motion on or about August 22, 2006.  Before the Panel could hear Ridgway's Motion, counsel for Ridgway agreed to voluntarily transfer the *Ridgway* and *White* cases to the Northern District of Illinois for consolidation with the other Related Cases.  Accordingly, the parties submitted a Joint Notice of Recent Activity in Related Cases to the Panel on November 1, 2006, advising the Panel that the voluntary transfer of the *Ridgway* and *White* cases to the Northern District of Illinois rendered the Ridgway Motion moot.  The Panel issued an Order deeming the Motion for Transfer withdrawn on November 6, 2006.  (JPML Order, Ex. 1)  The *Ridgway* and *White* cases were transferred to the Northern District of Illinois on November 3, 2006 (*see* Transfer Orders, Ex. 2), and no other similar case was filed in any jurisdiction other than the Northern District of Illinois until Koch filed its Complaint in the Southern District of Texas on February 1, 2008.

**B.    The Court has appointed Interim Class Counsel and entered Case Management Orders in the Related Cases pending in the Northern District of Illinois.**

On September 7, 2006, plaintiffs in several of the Related Cases then pending in the Northern District of Illinois filed a Motion for Finding of Relatedness before Judge Zagel, the judge to whom the first-filed case had been assigned. (Docket Rpt., Ex. 3)  The following week, other plaintiffs sought appointment of Interim Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).  (*Id.*)  After a hearing on September 19, 2006, Judge Zagel granted both Motions, appointed Interim Class Counsel for the "direct purchasers," and gave all interested plaintiffs' counsel until October 3, 2006 to submit an application to be appointed as Interim Class Counsel.  (9/19/06 Minute Order, Ex. 4)  On October 17, 2006, Judge Zagel appointed separate Interim Class Counsel for the "indirect purchaser" plaintiffs.  (10/17/2006 Order, Ex. 5)  Thereafter, each set of Interim Class Counsel proposed Case Management Orders governing various pre-trial issues in the Related Cases, which were granted.  (Docket Rpt., Ex. 3; Indirect Purchaser CMO, Ex. 6; Direct Purchaser CMO, Ex. 7)

On March 19, 2007, the United States Department of Justice moved to intervene and to stay proceedings in the Northern District of Illinois for six months pending the conclusion of a criminal investigation involving the facts underlying the Related Cases.  Judge Zagel granted the Motion on March 27, 2007 (3/27/07 Order, Ex. 8), and granted a further Motion for extension of the stay on September 28, 2007.  (9/28/07 Order, Ex. 9)

The stay was lifted on November 26, 2007.  Since then, the "direct purchaser" plaintiffs and BPPNA have agreed upon and proposed to Judge Zagel a schedule for filing Consolidated Complaints, answering or otherwise pleading in response thereto, and conducting discovery in advance of a Motion for Class Certification.  (*See* Agreed Motion, Ex. 10)

6

II.    **28 U.S.C. § 1407(a) CONSOLIDATION IS PROPER.**

The purpose of § 1407(a) is to ensure the just, efficient, and consistent conduct and adjudication of actions pending in multiple districts by providing for the centralized management of pretrial proceedings under a single court's supervision. *See* 28 U.S.C. § 1407(a). In deciding whether to consolidate, the Panel assesses whether centralization will (1) avoid the possibility of conflicting pretrial rulings; (2) eliminate or reduce duplicative discovery; and (3) conserve the efforts and resources of the parties, their counsel, witnesses, and the judiciary. *See, e.g., In re Seroquel Prods. Liab. Litig.*, MDL No. 1769, 477 F. Supp. 2d 1376, 1378-79 (J.P.M.L. 2006); *In re Ephedra Prods. Liab. Litig.*, 314 F. Supp. 2d 1373, 1375 (J.P.M.L. 2004); *In re Deere & Co. Cotton Picker Fire Prods. Liab. Litig.*, No. 1282, 1999 U.S. Dist. LEXIS 10664, at **2-3 (J.P.M.L. July 13, 1999). Each of these considerations decisively favors MDL consolidation here.

A.    **Transfer Will Avoid the Possibility of Conflicting Pre-Trial Rulings.**

Centralization will avoid the possibility of conflicting pre-trial rulings. Koch is asserting the same claims that are being asserted in the other direct purchaser Related Cases, and indeed is a member of several of the putative classes in the Related Cases. Dispositive and other motions asserted by BPPNA and/or plaintiffs in the various cases will require resolution of essentially the same issues of fact and law. *See In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003) (noting that overlapping legal issues counsel in favor of transfer). Issues relating to BPPNA's alleged conduct that arise in pretrial motions can and should be determined by one judge, in one proceeding. *See In re Phonometrics, Inc. Elec. Long Distance Call Cost Computer & Recorder Patent Litig.*, No. 1141, 1996 U.S. Dist. LEXIS 21909, at *3 (J.P.M.L. Dec. 11, 1996) (ordering transfer to "prevent inconsistent pretrial rulings"). There is no reason why multiple federal judges should have to address and decide the same motions, with

7

potentially conflicting results.  As noted, the parties in the direct purchaser Related Cases have already agreed to a schedule for filing Consolidated Complaints and responsive pleadings, including motions to dismiss.

**B.    Transfer Will Eliminate or Reduce Duplicative Discovery.**

The *Koch* case and the Related Cases are all premised on the same asserted misconduct, involving the same actors, and built on the same legal theories.  Without question, *Koch* and the Related Cases will involve largely duplicative discovery requests and require discovery of the same documents and witnesses.  Absent coordination or consolidation, BPPNA would be required to respond to multiple requests for the same information, and witnesses would be required to submit to multiple depositions.  Moreover, absent centralization, disputes over such discovery would be largely duplicative and district courts of coordinate jurisdiction deciding discovery disputes may reach contradictory conclusions.  Transferring and coordinating will allow disputes to be argued and resolved just once.  *See, e.g.*, *In re Ocean Fin. Corp. Prescreening Litig.*, MDL No. 1778, 435 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2006) (holding that centralization would eliminate duplicative discovery where the plaintiffs brought claims on behalf of overlapping putative classes); *In re Teflon Prods. Liab. Litig.*, 416 F. Supp. 2d 1364, 1365 (J.P.M.L. 2006) (holding that transfer was necessary to eliminate duplicative discovery).

**C.    Transfer Will Conserve the Efforts and Resources of the Parties, Their Counsel, Witnesses, and the Judiciary.**

By eliminating or reducing duplicative discovery and avoiding the possibility of conflicting pretrial rulings, centralization will substantially reduce the efforts and expenditure of resources by all parties involved.  It would defeat the core purpose of MDL consolidation to require two or more federal judges to preside over the same claims involving the same parties.  Because the same BPPNA documents and witnesses will be involved, document production and

other written discovery should be provided once through coordinated discovery, and depositions should proceed once as to all parties instead of numerous times with the need to resolve the scheduling conflicts that no doubt would occur. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415, 422 (J.P.M.L. 1991). Moreover, transfer of these actions for coordinated pretrial proceedings will not unfairly prejudice the plaintiff. Discovery has not yet commenced in either the Related Cases or in the *Koch* case. Because there has been no production of discovery and no factual or legal issues have been adjudicated to date, there are no practical impediments to expedient coordination and the implementation of uniform pre-trial procedures and scheduling.

## III.  THE NORTHERN DISTRICT OF ILLINOIS IS THE PROPER FORUM FOR THESE CASES.

As the named plaintiffs in eighteen actions and their counsel have already recognized, the Northern District of Illinois is the proper forum for all of the Related Cases, including *Koch*. All eighteen other named plaintiffs who seek damages for the same or similar claims, based upon the same factual allegations, have either filed their cases in the Northern District of Illinois, or have agreed to transfer their cases to that jurisdiction. *Koch* seeks to be the sole outlier, apparently to gain a tactical advantage by threatening the prospect of duplicative discovery and conflicting rulings. There is no reason that *Koch* should be permitted to litigate the same claims against the same defendant in a different forum.[3] The Panel has considered the district where the most cases have been filed to be a persuasive factor in determining an appropriate location for centralization. *See, e.g., In re Series 7 Broker Qualification Exam Scoring Litig.*, 444 F. Supp.

---

[3]  If Koch is permitted to pursue a duplicative action in another forum, no doubt other potential plaintiffs will be encouraged to try the same gambit, further multiplying the number of duplicative actions pending in different fora.

2d 1330, 1332 (J.P.M.L. 2006) (centralizing cases in the District Court for the District of Columbia, where the largest number of scheduled actions were pending and the district was home to the defendant's headquarters); *In re Methyl Methacrylate (MMA) Antitrust Litig.*, 435 F. Supp. 2d 1345, 1347 (J.P.M.L. 2006) (the Eastern District of Pennsylvania was the appropriate forum where the first case was filed and most of the actions were pending there); *In re Profiler Prods. Liab. Litig.*, 429 F. Supp. 2d 1381, 1382 (J.P.M.L. 2006) (the Southern District of Illinois was the appropriate transferee forum when "a sizeable number of plaintiffs" had filed their actions there).

BP Products is headquartered in Illinois (*CFTC v. BP Products*, N.D. Ill. Case No. 06 CV 3503, Dkt. No. 1, Compl. ¶ 13), which the Panel has also identified as an important factor when determining the proper forum for MDL proceedings. *See, e.g., In re Delta Air Lines, Inc.*, 170 F. Supp. 2d 1359, 1360 (J.P.M.L. 2001) (observing that "pertinent documents and witnesses" are usually located at the defendant's principal place of business); *In re Amsted Indus. Inc. "ERISA" Litig.*, 162 F. Supp. 2d 697, 698 (J.P.M.L. 2001) (transferring cases to the Northern District of Illinois, the district in which the defendant's headquarters were located); *In re "Factor VIII or IX Concentrate Blood Prods." Prods. Liab. Litig.*, 853 F. Supp. 454, 455 (J.P.M.L. 1993) (transferring cases to the Northern District of Illinois where one principal defendant was headquartered in Illinois).

In addition, "[c]onvenience of counsel often coincides with convenience of the parties they represent and is a factor to be considered under Section 1407." *In re Air Crash Disaster Near Chicago, Ill., on May 25, 1979*, 476 F. Supp. 445, 449 n.4 (J.P.M.L. 1979). In that regard, BPPNA is represented in these actions by Kirkland & Ellis LLP in Chicago. In all of the cases filed in or previously transferred to the Northern District of Illinois, the plaintiffs already have

retained Illinois counsel who can conveniently appear to represent them in Chicago. And Judge

Zagel has appointed Interim Class Counsel in Illinois and in close proximity to Illinois for the

purpose of representing the putative classes during pretrial proceedings to be conducted in

Illinois. (*See* Order, Ex. 6)

Finally, the Northern District of Illinois is experienced in handling MDL proceedings.

*See, e.g.*, *In re African-American Slave Descendants Litig.*, MDL No. 1491; *In re Aimster

Copyright Litig.*, MDL No. 1425; *In re Synthroid Mkting. Litig.*, MDL No. 1182.

The Northern District of Illinois thus provides the appropriate forum for these cases.

**CONCLUSION**

For all of the foregoing reasons, BPPNA respectfully requests that the Court consolidate

all of the Related Actions, including *Koch*, pursuant to 28 U.S.C. § 1407. BPPNA further

requests transfer of *Koch* to the Northern District of Illinois, where all eighteen Related Cases are

pending.

Date:   February 27, 2008

Respectfully submitted,

Richard C. Godfrey, P.C.
David J. Zott, P.C.
Andrew A. Kassof
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601-6636
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

*Attorneys for Defendant BP Products North
America, Inc.*

## SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff(s):**<br>Richard Dennison; Stephan Hesano<br>**Defendant(s):**<br>BP Products North America, Inc.; Dennis Abbott; Mark Radley; Cody Claborn | N.D. Ill | 06 CV 3541 | James B. Zagel |
| **Plaintiff(s):**<br>Donald Terry; Jennifer Terry<br>**Defendant(s):**<br>BP Products North America, Inc. | N.D. Ill. | 06 CV 3551 | James B. Zagel |
| **Plaintiff(s):**<br>Myles Levin<br>**Defendant(s):**<br>BP Products North America, Inc. | N.D. Ill. | 06 CV 3570 | James B. Zagel |
| **Plaintiff(s):**<br>SchagrinGAS Co.; Styer Gas;<br>Parke J. Patten, Inc. dba Patten, Inc. or Patten's Gas<br>**Defendant(s):**<br>BP North America, Inc.; Donald Byers; Martin Marz; James Summers; Mark Radley; Dennis Abbott; Cody Claborn | N.D. Ill. | 06 CV 3621 | James B. Zagel |
| **Plaintiff(s):**<br>Michael Withum (VT)<br>**Defendant(s):**<br>BP Products North America, Inc. | N.D. Ill. | 06 CV 3744 | James B. Zagel |
| **Plaintiff(s):**<br>Deborah Cassells; James Marcello<br>**Defendant(s):**<br>BP Products North America, Inc.; Donald Cameron Byers; James Summers; Martin Marz; Dennis Abbott; Mark Radley; Cody Claborn | N.D. Ill. | 06 CV 3837 | James B. Zagel |
| **Plaintiff(s):**<br>Gregory Sydor<br>**Defendant(s):**<br>BP Products North America, Inc. | N.D. Ill. | 06 CV 4188 | James B. Zagel |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff(s):** Kurt Nebel **Defendant(s):** BP Products North America, Inc.; Dennis Abbott; Mark Radley; Cody Claborn | N.D. Ill. | 06 CV 4363 | James B. Zagel |
| **Plaintiff(s):** H. Steven Plaut ( KY); David A. Mullins III (KY) **Defendant(s):** BP Products North America, Inc.; Dennis Abbott; Mark Radley; Cody Claborn | N.D. Ill | 06 CV 4577 | James B. Zagel |
| **Plaintiff(s):** Donald Mowers **Defendant(s):** BP Products North America, Inc. | N.D. Ill. | 06 CV 4680 | James B. Zagel |
| **Plaintiff(s):** Drew Halpern **Defendant(s):** BP Products North America, Inc.; Dennis Abbott; Mark Radley; Cody Claborn | N.D. Ill. | 06 CV 4736 | James B. Zagel |
| **Plaintiff(s):** Scott Meharg **Defendant(s):** BP Products North America, Inc.; Dennis Abbott; Mark Radley; Cody Claborn | N.D. Ill. | 06 CV 5293 | James B. Zagel |
| **Plaintiff(s):** Craig Ridgway **Defendant(s):** BP Products North America, Inc. | N.D. Ill. | 06 CV 6108 | James B. Zagel |
| **Plaintiff(s):** Anita White **Defendant(s):** BP Products North America, Inc. | N.D. Ill. | 06 CV 6994 | James B. Zagel |
| **Plaintiff(s):** David Guin **Defendant(s):** BP Products North America, Inc. | N.D. Ill. | 07 CV 3531 | James B. Zagel |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff(s):** AmeriGas Propane L.P.; Ferrellgas, L.P. **Defendant(s):** BP North America, Inc.; Donald Byers; Martin Marz; James Summers; Mark Radley; Dennis Abbott; Cody Claborn | N.D. Ill. | 08 CV 981 | John W. Darrah |
| **Plaintiff(s):** Koch Supply & Trading, L.P. **Defendant(s):** BP Products North America, Inc. | S.D. Tex. | 08 CV 377 | Nancy F. Atlas |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 8 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1801

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE BP PRODUCTS NORTH AMERICA, INC., ANTITRUST LITIGATION

### (SEE ATTACHED SCHEDULE A)

### ORDER DEEMING MOTION WITHDRAWN
### AND VACATING THE NOVEMBER 30, 2006 HEARING SESSION

Before the Panel is a motion by plaintiff Craig Ridgway, filed pursuant to 28 U.S.C. § 1407. Plaintiff seeks centralization in the United States District Court for the Western District of Oklahoma of the actions listed on the attached Schedule A for coordinated or consolidated pretrial proceedings. The moving plaintiff now seeks to withdraw his Section 1407 motion.

IT IS THEREFORE ORDERED that plaintiff's motion for transfer under 28 U.S.C. § 1407 is DEEMED WITHDRAWN.

IT IS FURTHER ORDERED that the Hearing Session Order and the attached Schedule filed on October 17, 2006, are VACATED insofar as they relate to this litigation.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1801 -- In re BP Products North America, Inc., Antitrust Litigation</u>

### Northern District of Illinois

*Richard Dennison, et al. v. BP Products North America, Inc., et al.*, C.A. No. 1:06-3541
*Donald Terry, et al. v. BP Products North America, Inc.*, C.A. No. 1:06-3551
*Myles Levin v. BP Products North America, Inc.*, C.A. No. 1:06-3570
*Schagringas Co. v. BP Products North America, Inc., et al.*, C.A. No. 1:06-3621
*Michael Withum v. BP Products North America, Inc.*, C.A. No. 1:06-3744
*Deborah Cassells, et al. v. BP Products North America, Inc., et al.*, C.A. No. 1:06-3837
*Styer Propane, LLC v. BP Products North America, Inc.*, C.A. No. 1:06-3871

### Southern District of New York

*Thomas Fullam, et al. v. BP Products North America, Inc.*, C.A. No. 1:06-5092

### Western District of Oklahoma

*Craig Ridgway v. BP Products North America, Inc.*, C.A. No. 5:06-765

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CRAIG RIDGWAY, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-06-765-M |
| BP PRODUCTS NORTH AMERICA, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the parties' "Stipulation to Transfer Action to the United States District Court for the Northern District of Illinois" [docket no. 13], filed October 24, 2006. The parties advise the Court that they agree to transfer this action to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). Having considered the parties' stipulation to transfer, the Court hereby TRANSFERS this action to the United States District Court for the Northern District of Illinois.

**IT IS SO ORDERED this 3rd day of November, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANITA WHITE, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-06-861-M |
| BP PRODUCTS NORTH AMERICA, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the parties' "Stipulation to Transfer Action to the United States District Court for the Northern District of Illinois" [docket no. 13], filed October 24, 2006. The parties advise the Court that they agree to transfer this action to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). Having considered the parties' stipulation to transfer, the Court hereby TRANSFERS this action to the United States District Court for the Northern District of Illinois.

**IT IS SO ORDERED this 3rd day of November, 2006.**

_Vicki Miles-LaGrange_
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

LEVIN

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:06-cv-03541

Dennison et al v. BP Products North America, Inc. et al
Assigned to: Honorable James B. Zagel
Member case: (View Member Case)
related Cases: 1:06-cv-04188
              1:06-cv-03570
              1:06-cv-03744
              1:06-cv-05325
              1:06-cv-03551
              1:06-cv-03621
              1:06-cv-03871
              1:06-cv-04736
              1:07-cv-03531

Date Filed: 06/29/2006
Jury Demand: Both
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

Cause: 15:1 Antitrust Litigation

| Date Filed | # | Docket Text |
|---|---|---|
| 06/29/2006 | 1 | CLASS action complaint filed by Richard Dennison, Stephen Hesano; Jury Demand.(las, ) (Entered: 06/29/2006) |
| 06/29/2006 | 2 | CIVIL Cover Sheet (las, ) (Entered: 06/29/2006) |
| 06/29/2006 | 3 | ATTORNEY Appearance for Plaintiffs Richard Dennison, Stephen Hesano by Matthew Eric Van Tine (las, ) (Entered: 06/29/2006) |
| 06/29/2006 | 4 | ATTORNEY Appearance for Plaintiffs Richard Dennison, Stephen Hesano by Jennifer Winter Sprengel (las, ) (Entered: 06/29/2006) |
| 06/29/2006 | 5 | ATTORNEY Appearance for Plaintiffs Richard Dennison, Stephen Hesano by Marvin Alan Miller (las, ) (Entered: 06/29/2006) |
| 06/29/2006 | 6 | ATTORNEY Appearance for Plaintiffs Richard Dennison, Stephen Hesano by Patrick Edward Cafferty (las, ) (Entered: 06/29/2006) |
| 06/30/2006 | 8 | *FIRST* AMENDED complaint by Richard Dennison against all defendants (Miller, Marvin) (Entered: 06/30/2006) |
| 06/30/2006 | 12 | SUMMONSES Issued, four originals and four copies, as to Defendants BP Products North America, Inc., Dennis Abbott, Mark Radley, Cody Claborn (ar, ) (Entered: 07/06/2006) |
| 07/05/2006 | 9 | ATTORNEY Appearance for Plaintiffs Richard Dennison, Stephen Hesano by Marvin Alan Miller *Appearance of Christopher Lovell* (Miller, Marvin) (Entered: 07/05/2006) |
| | | |

| 07/05/2006 | 10 | ATTORNEY Appearance for Plaintiffs Richard Dennison, Stephen Hesano by Marvin Alan Miller *Appearance of Imtiaz Siddiqui* (Miller, Marvin) (Entered: 07/05/2006) |
|---|---|---|
| 07/05/2006 | 11 | ATTORNEY Appearance for Plaintiffs Richard Dennison, Stephen Hesano by Marvin Alan Miller *Appearance of Craig Essenmacher* (Miller, Marvin) (Entered: 07/05/2006) |
| 07/11/2006 | 13 | ATTORNEY Appearance for Plaintiffs by Christopher Lovell (ar, ) (Entered: 07/13/2006) |
| 07/11/2006 | 14 | ATTORNEY Appearance for Plaintiffs by Craig Essenmacher (ar, ) (Entered: 07/13/2006) |
| 07/11/2006 | 15 | ATTORNEY Appearance for Plaintiffs by Imtiaz A. Siddiqui (ar, ) (Entered: 07/13/2006) |
| 07/17/2006 | 16 | ATTORNEY Appearance for Defendant BP Products North America, Inc. by Kathryn Frances Taylor (Taylor, Kathryn) (Entered: 07/17/2006) |
| 07/17/2006 | 17 | NOTICE of Motion by Kathryn Frances Taylor for presentment of before Honorable James B. Zagel on 7/20/2006 at 10:15 AM. (Attachments: # 1 Agreed Motion for Extension to Time for BP Products North America, Inc. to Answer or Otherwise Respond to Plaintiffs' Complaint)(Taylor, Kathryn) (Entered: 07/17/2006) |
| 07/18/2006 | 18 | MOTION by Defendant BP Products North America, Inc. for extension of time to file answer *Agreed Motion for Extension of Time For BP Products North America, Inc. to Answer or Otherwise Plead* (Taylor, Kathryn) (Entered: 07/18/2006) |
| 07/20/2006 | 19 | MINUTE entry before Judge James B. Zagel : MOTION by Defendant BP Products North America, Inc. for extension of time to file answer agreed motion for extension of time For BP Products North America, Inc. to answer or otherwise plead until 8/21/2006 18 is granted. Mailed notice (drw, ) (Entered: 07/20/2006) |
| 07/21/2006 | 20 | SUMMONS Returned Executed as to Dennis Abbott on 7/10/2006, answer due 7/31/2006 (Exhibit). (ar, ) (Entered: 07/26/2006) |
| 07/21/2006 | 21 | SUMMONS Returned Executed as to Cody Claborn on 7/10/2006, answer due 7/31/2006 (Exhibit). (ar, ) (Entered: 07/26/2006) |
| 07/21/2006 | 22 | SUMMONS Returned Executed as to Mark Radley on 7/10/2006, answer due 7/31/2006 (Exhibit). (ar, ) (Entered: 07/26/2006) |
| 07/27/2006 | 23 | ATTORNEY Appearance for Defendant BP Products North America, Inc. by Richard Cartier Godfrey (Godfrey, Richard) (Entered: 07/27/2006) |
| 07/28/2006 | 24 | ATTORNEY Appearance for Defendant BP Products North America, Inc. by Andrew A. Kassof (Kassof, Andrew) (Entered: 07/28/2006) |
| 08/21/2006 | 25 | MOTION by Defendant BP Products North America, Inc. for extension of time to file answer *Agreed Motion for Extension of Time for BP* |

| | | |
|---|---|---|
| | | *Products North America, Inc. to Answer or Otherwise Respond to Plaintiff's Complaint* (Taylor, Kathryn) (Entered: 08/21/2006) |
| 08/21/2006 | 26 | NOTICE of Motion by Kathryn Frances Taylor for presentment of motion for extension of time to file answer25 before Honorable James B. Zagel on 8/24/2006 at 10:15 AM. (Taylor, Kathryn) (Entered: 08/21/2006) |
| 08/22/2006 | 27 | MINUTE entry before Judge James B. Zagel : Agreed Motion for Extension of Time for BP Products North America, Inc. to Answer or Otherwise Respond to Plaintiff's Complaint 25 is granted. (drw, ) (Entered: 08/22/2006) |
| 08/23/2006 | 28 | MDL NOTICE of Appearance for Defendant BP Products North America, Inc. by Richard Cartier Godfrey (ar, ) (Entered: 08/25/2006) |
| 08/23/2006 | 29 | CORPORATE Disclosure Statement pursuant to MDL Rule 5.3 by Defendant BP Products North America, Inc. (ar, ) (Entered: 08/25/2006) |
| 08/29/2006 | 30 | ATTORNEY Appearance for Defendant BP Products North America, Inc. by Richard Cartier Godfrey *(Revised)* (Godfrey, Richard) (Entered: 08/29/2006) |
| 08/31/2006 | 31 | ATTORNEY Appearance for Defendant BP Products North America, Inc. by David J. Zott (Zott, David) (Entered: 08/31/2006) |
| 09/07/2006 | 32 | MOTION to reassign case *for Finding of Relatedness* (Attachments: # 1 Exhibit Part 1# 2 Exhibit Part 2# 3 Exhibit Part 3)(Sweetnam, William) (Entered: 09/07/2006) |
| 09/07/2006 | 33 | NOTICE of Motion by William Michelangelo Sweetnam for presentment of motion to reassign case32 before Honorable James B. Zagel on 9/12/2006 at 10:15 AM. (Sweetnam, William) (Entered: 09/07/2006) |
| 09/08/2006 | 34 | MINUTE entry before Judge James B. Zagel : Motion to reassign case 32 is entered and continued. Motion Hearing set for 9/19/2006 at 10:15 AM. Mailed notice (drw, ) (Entered: 09/08/2006) |
| 09/08/2006 | 35 | MOTION by Plaintiffs Richard Dennison, Stephen Hesano to appoint counsel *Plaintiffs' Motion to Appoint Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g)* (Miller, Marvin) (Entered: 09/08/2006) |
| 09/08/2006 | 36 | MEMORANDUM by Richard Dennison, Stephen Hesano in Support of motion to appoint counsel35 *Plaintiffs' Memorandum of Law in Support of Motion to Appoint Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g)* (Miller, Marvin) (Entered: 09/08/2006) |
| 09/08/2006 | 37 | NOTICE of Motion by Marvin Alan Miller for presentment of motion to appoint counsel35 before Honorable James B. Zagel on 9/19/2006 at 10:15 AM. (Miller, Marvin) (Entered: 09/08/2006) |
| 09/11/2006 | 38 | MOTION to appoint counsel *Direct Purchaser Plaintiffs' Motion and Memorandum of Law in Support of Motion to Appoint Interim Class Counsel in the Direct Purchaser Actions Pursuant to Fed.R.Civ.P. 23(g)* |

| | | (London, William) (Entered: 09/11/2006) |
|---|---|---|
| 09/11/2006 | 39 | NOTICE of Motion by William Henry London for presentment of motion to appoint counsel38 before Honorable James B. Zagel on 9/19/2006 at 10:15 AM. (London, William) (Entered: 09/11/2006) |
| 09/11/2006 | 40 | STATEMENT *Direct Purchaser Plaintiffs' Joint Response to the Motion for Finding of Relatedness Filed By Plaintiffs Nebel, Plaut and Mullins* (London, William) (Entered: 09/11/2006) |
| 09/11/2006 | 41 | CERTIFICATE of Service by William Henry London on behalf of SCHAGRINGAS Co., Styer Propane, LLC regarding statement40, notice of motion39, MOTION to appoint counsel *Direct Purchaser Plaintiffs' Motion and Memorandum of Law in Support of Motion to Appoint Interim Class Counsel in the Direct Purchaser Actions Pursuant to Fed.R.Civ.P. 23(g)*38 (London, William) (Entered: 09/11/2006) |
| 09/12/2006 | 42 | ATTORNEY Appearance for Plaintiffs Kurt Nebel, H. Steven Plaut, Drew Halpern by Paul M. Weiss *Also David A. Mullins III* (Weiss, Paul) (Entered: 09/12/2006) |
| 09/12/2006 | 43 | ATTORNEY Appearance for Plaintiffs Kurt Nebel, H. Steven Plaut, David A. Mullins, III, Drew Halpern by William Michelangelo Sweetnam (Sweetnam, William) (Entered: 09/12/2006) |
| 09/14/2006 | 44 | RESPONSE by BP Products North America, Inc.in Support of MOTION to reassign case *for Finding of Relatedness*32 *Defendant BP Products North America, Inc.'s Response in Support of Plaintiffs' Motion for a Finding of Relatedness and Motion for Reassignment* (Attachments: # 1 Exhibit A# 2 Exhibit B)(Godfrey, Richard) (Entered: 09/14/2006) |
| 09/15/2006 | 45 | MOTION by Plaintiffs Kurt Nebel, H. Steven Plaut, David A. Mullins, III, Drew Halpern to appoint counsel *Interim Class Counsel* (Attachments: # 1 Exhibit Group Exhibit A)(Weiss, Paul) (Entered: 09/15/2006) |
| 09/15/2006 | 46 | NOTICE of Motion by Paul M. Weiss for presentment of motion to appoint counsel45 before Honorable James B. Zagel on 9/19/2006 at 10:15 AM. (Weiss, Paul) (Entered: 09/15/2006) |
| 09/19/2006 | 47 | MINUTE entry before Judge James B. Zagel : Motion hearing held on 9/19/2006. MOTION for Finding of Relatedness 32 is granted. MOTION to appoint counsel Interim Class Counsel for Direct Purchaser Plaintiffs' pursuant to Fed.R.Civ.P. 23(g) 38 is granted. MOTION by Plaintiffs Richard Dennison, Stephen Hesano to appoint counsel Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g) 35 and MOTION by Plaintiffs Kurt Nebel, H. Steven Plaut, David A. Mullins, III, Drew Halpern to appoint counsel Interim Class Counsel 45 ominbus responses due by 10/3/2006. Replies due by 10/10/2006. Status hearing set for 10/12/2006 at 10:00 a.m. Mailed notice (drw, ) (Entered: 09/19/2006) |
| 09/19/2006 | 48 | MINUTE entry before Judge James B. Zagel : Status hearing set for 10/12/2006 at 10:00 AM. Mailed notice (drw, ) (Entered: 09/19/2006) |

| 09/19/2006 | 49 | SUMMONSES Issued, three originals and three copies, as to Defendants Dennis Abbott, Mark Radley, Cody Claborn (ar, ) (Entered: 09/20/2006) |
| 09/29/2006 | 50 | SUPPLEMENT by Kurt Nebel to motion to appoint counsel 45 *Memorandum of Law* (Sweetnam, William) (Entered: 09/29/2006) |
| 10/03/2006 | 51 | MEMORANDUM motion to appoint counsel 35 by Richard Dennison, Stephen Hesano *Plaintiffs' Memorandum of Law in Support of Motion to Appoint Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g)* (Miller, Marvin) (Entered: 10/03/2006) |
| 10/06/2006 | 52 | STIPULATION *for Extension of Time to File Responsive Pleadings* (Miller, Marvin) (Entered: 10/06/2006) |
| 10/10/2006 | 53 | RESPONSE by BP Products North America, Inc. to MOTION by Plaintiffs Richard Dennison, Stephen Hesano to appoint counsel *Plaintiffs' Motion to Appoint Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g)* 35, MOTION by Plaintiffs Kurt Nebel, H. Steven Plaut, David A. Mullins, III, Drew Halpern to appoint counsel *Interim Class Counsel* 45 (Ehrhart, Katheleen) (Entered: 10/10/2006) |
| 10/10/2006 | 54 | ATTORNEY Appearance for Defendant Mark Radley by Monte Loren Mann (Mann, Monte) (Entered: 10/10/2006) |
| 10/10/2006 | 55 | REPLY by Kurt Nebel in Support of MOTION by Plaintiffs Kurt Nebel, H. Steven Plaut, David A. Mullins, III, Drew Halpern to appoint counsel *Interim Class Counsel* 45 (Attachments: # 1 Affidavit Paul M. Weiss# 2 Affidavit Gary S. Graifman# 3 Affidavit William Harte# 4 Affidavit William M. Sweetnam)(Weiss, Paul) (Entered: 10/10/2006) |
| 10/10/2006 | 56 | REPLY by Plaintiffs Richard Dennison, Stephen Hesano *Reply in Further Support of Application for Appointment of Interim Class Counsel* (Miller, Marvin) (Entered: 10/10/2006) |
| 10/11/2006 | 57 | NOTICE by Kurt Nebel re reply to response to motion, 55 (Attachments: # 1 Exhibit Exhibit 1# 2 Declaration Declaration of Tod Aronovitz) (Weiss, Paul) (Entered: 10/11/2006) |
| 10/11/2006 | 58 | STIPULATION *for Extension of Defendant Radley's Time to File Responsive Pleadings* (Mann, Monte) (Entered: 10/11/2006) |
| 10/12/2006 | 73 | MINUTE entry before Judge James B. Zagel : Motion to appoint counsel 45 is entered and continued. Ruling to be made by mail. Status hearing held on 10/12/2006. Mailed notice (drw, ) (Entered: 11/14/2006) |
| 10/17/2006 | 59 | MINUTE entry before Judge James B. Zagel : MOTION by Plaintiffs Richard Dennison, Stephen Hesano to Appoint Interim Class Counsel for indirect purchaser plaintiffs Pursuant to Fed. R. Civ. P. 23(g) 35 is granted. Mailed notice (drw, ) (Entered: 10/17/2006) |
| 10/17/2006 | 60 | SUMMONS Returned Executed by Richard Dennison, Stephen Hesano as to Dennis Abbott on 9/20/2006, answer due 10/10/2006. (td, ) (Entered: 10/19/2006) |
|  |  |  |

| 10/17/2006 | 61 | SUMMONS Returned Executed by Richard Dennison, Stephen Hesano as to Cody Claborn on 9/20/2006, answer due 10/10/2006. (td, ) (Entered: 10/19/2006) |
| 10/17/2006 | 62 | SUMMONS Returned Executed by Richard Dennison, Stephen Hesano as to Mark Radley on 9/20/2006, answer due 10/10/2006. (td, ) (Entered: 10/19/2006) |
| 11/02/2006 | 63 | ATTORNEY Appearance *of Edward A. Wallace for Plaintiffs Donald and Jennifer Terry* (Wallace, Edward) (Entered: 11/02/2006) |
| 11/02/2006 | 64 | CERTIFICATE of Service by Edward Anthony Wallace on behalf of Donald Terry, Jennifer Terry regarding attorney appearance63 (Wallace, Edward) (Entered: 11/02/2006) |
| 11/02/2006 | 65 | ATTORNEY Appearance for Plaintiffs Donald Terry, Jennifer Terry by Kenneth A. Wexler (Attachments: # 1 Certificate of Service)(Wexler, Kenneth) (Entered: 11/02/2006) |
| 11/02/2006 | 66 | ATTORNEY Appearance for Plaintiffs Donald Terry, Jennifer Terry by Amber Margaret Nesbitt (Attachments: # 1 Certificate of Service) (Nesbitt, Amber) (Entered: 11/02/2006) |
| 11/13/2006 | 67 | MOTION by Plaintiffs Richard Dennison, Stephen HesanoInterim Lead Counsel's Motion for Entry of Case Management Order Associated Cases: 1:06-cv-03541,1:06-cv-03837,1:06-cv-04577(Miller, Marvin) (Entered: 11/13/2006) |
| 11/13/2006 | 68 | NOTICE of Motion by Marvin Alan Miller for presentment of motion for miscellaneous relief67 before Honorable James B. Zagel on 11/16/2006 at 10:15 AM. (Miller, Marvin) (Entered: 11/13/2006) |
| 11/13/2006 | 69 | MOTION by Defendant BP Products North America, Inc. For Finding of Relatedness And Reassignment (Attachments: # 1 Exhibit A# 2 Exhibit B)Associated Cases: 1:06-cv-03541,1:06-cv-03837,1:06-cv-04577 (Taylor, Kathryn) (Entered: 11/13/2006) |
| 11/13/2006 | 70 | NOTICE of Motion by Kathryn Frances Taylor for presentment of motion for miscellaneous relief69 before Honorable James B. Zagel on 11/16/2006 at 10:15 AM. (Taylor, Kathryn) (Entered: 11/13/2006) |
| 11/13/2006 | 71 | MOTION to appoint counsel *and to Modify Order Appointing Interim Class Counsel* (Attachments: # 1 Exhibit resumes of certain counsel for Patten's Gas)Associated Cases: 1:06-cv-03541,1:06-cv-03837,1:06-cv-04577(Barnow, Ben) (Entered: 11/13/2006) |
| 11/13/2006 | 72 | *Plaintiff Patten's Gas'* NOTICE of Motion by Ben Barnow for presentment of motion to appoint counsel71 before Honorable James B. Zagel on 11/16/2006 at 10:15 AM. (Barnow, Ben) (Entered: 11/13/2006) |
| 11/15/2006 | 74 | MDL-1801 ORDER, dated 11/06/06, withdrawing transfer to USDC for the Western District of Oklahoma (Exhibit). (ar, ) (Entered: 11/17/2006) |
| 11/16/2006 | 78 | MINUTE entry before Judge James B. Zagel :Motion to appoint counsel |

| | | |
|---|---|---|
| | | 45 is granted. Motion to appoint counsel 67 is granted. Motion to appoint counsel 69 is granted; Motion to appoint counsel 71 is granted. Mailed notice (drw, ) (Entered: 12/27/2006) |
| 11/17/2006 | 75 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of Mark Radley by Glenn R. Reichardt; Order entered granting leave by Judge James B. Zagel. Filing fee $50.00 paid, receipt number 10644831. (ar, ) (Entered: 11/29/2006) |
| 12/20/2006 | 76 | MOTION by Defendant BP Products North America, Inc.Finding of Relatedness And Reassignment of Cases *Defendant BP Products North America, Inc.'s Agreed Motion for Finding of Relatedness and Reassignment* (Attachments: # 1 Exhibit A# 2 Exhibit B)(Taylor, Kathryn) (Entered: 12/20/2006) |
| 12/20/2006 | 77 | NOTICE of Motion by Kathryn Frances Taylor for presentment of motion for miscellaneous relief, 76 before Honorable James B. Zagel on 12/28/2006 at 10:15 AM. (Taylor, Kathryn) (Entered: 12/20/2006) |
| 12/27/2006 | 79 | MINUTE entry before Judge James B. Zagel :Motion for finding of relatedness and reassignment 76 is granted.Mailed notice (drw, ) (Entered: 12/27/2006) |
| 01/18/2007 | 80 | SEVENTH CIRCUIT transcript information sheet by BP Products North America, Inc. (ar, ) (Entered: 01/19/2007) |
| 01/18/2007 | 81 | TRANSCRIPT of proceedings for the following dates: 10/12/06 before the Honorable James B. Zagel. (ar, ) (Entered: 01/19/2007) |
| 01/23/2007 | 82 | NOTICE by all plaintiffs *of filing Notice of Change of Firm Affiliaition of Marvin A. Miller and Matthew Van Tine* (Miller, Marvin) (Entered: 01/23/2007) |
| 02/15/2007 | 83 | ATTORNEY Appearance for Plaintiff Parke J. Patten, Inc. by Sharon Harris (Harris, Sharon) (Entered: 02/15/2007) |
| 02/21/2007 | 84 | ATTORNEY Appearance for Plaintiff Parke J. Patten, Inc. by Sharon Harris *(Corrected)* (Harris, Sharon) (Entered: 02/21/2007) |
| 03/07/2007 | 85 | NOTICE by Adam R. Gonnelli of Change of Address (Gonnelli, Adam) (Entered: 03/07/2007) |
| 07/12/2007 | 86 | MOTION by Defendant BP Products North America, Inc.Finding of Relatedness *BP Products North America, Inc.'s Agreed Motion for Finding of Relatedness and Reassignment of Case* (Attachments: # 1 Exhibit A)(Taylor, Kathryn) (Entered: 07/12/2007) |
| 07/12/2007 | 87 | NOTICE of Motion by Kathryn Frances Taylor for presentment of motion for miscellaneous relief86 before Honorable James B. Zagel on 7/17/2007 at 10:15 AM. (Taylor, Kathryn) (Entered: 07/12/2007) |
| 07/17/2007 | 88 | MINUTE entry before Judge James B. Zagel :Motion for a finding of relatedness and for reassignment 86 is granted.Mailed notice (drw, ) (Entered: 07/17/2007) |
| | | |

| 07/30/2007 | 89 | NOTICE by Marvin Alan Miller of Change of Address (Miller, Marvin) (Entered: 07/30/2007) |
| 11/28/2007 | 90 | ATTORNEY Appearance for Defendant Cody Claborn by Kevin Michael Flynn (Flynn, Kevin) (Entered: 11/28/2007) |
| 11/28/2007 | 91 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of Cody Claborn by Ryan K. Higgins; Order entered granting leave by Judge James B. Zagel. Filing fee $ 50 paid, receipt number 10342190. (gmr, ) (Entered: 12/05/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/27/2008 10:38:21 | | |
| PACER Login: | ke2194 | Client Code: | 10270-1064 |
| Description: | Docket Report | Search Criteria: | 1:06-cv-03541 |
| Billable Pages: | 5 | Cost: | 0.40 |

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 2.5
### Eastern Division

Richard Dennison, et al.

                             Plaintiff,

v.                                      Case No.: 1:06−cv−03541

                                      Honorable James B. Zagel

BP Products North America, Inc., et al.

                             Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, September 19, 2006:

      MINUTE entry before Judge James B. Zagel : Motion hearing held on 9/19/2006. MOTION for Finding of Relatedness [32] is granted. MOTION to appoint counsel Interim Class Counsel for Direct Purchaser Plaintiffs' pursuant to Fed.R.Civ.P. 23(g) [38] is granted. MOTION by Plaintiffs Richard Dennison, Stephen Hesano to appoint counsel Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g) [35] and MOTION by Plaintiffs Kurt Nebel, H. Steven Plaut, David A. Mullins, III, Drew Halpern to appoint counsel Interim Class Counsel [45] ominbus responses due by 10/3/2006. Replies due by 10/10/2006. Status hearing set for 10/12/2006 at 10:00 a.m.Mailed notice(drw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3541 | **DATE** | October 17, 2006 |
| **CASE TITLE** | | DENNISON ET AL v. BP PRODUCTS NORTH AMERICA, INC., ET AL | |

**DOCKET ENTRY TEXT:**

*Dennison* Plaintiffs' motion to appoint interim counsel for indirect purchaser Plaintiffs is granted.

---

### STATEMENT

On September 19, I granted a motion pursuant to Local Rule 40.4 finding various actions filed against BP Products North America, Inc. to be related. These actions fall into two main categories: those initiated by direct purchaser Plaintiffs, and those initiated by indirect purchaser Plaintiffs.

Also on September 19, I granted a motion pursuant to Fed. R. Civ. P. 23(g) appointing interim counsel for the direct purchaser Plaintiffs. Before me now is Plaintiffs' motion to appoint interim counsel for the indirect purchaser Plaintiffs. There are two competing factions among the indirect purchaser Plaintiffs; each has filed separate motions seeking the appointment of different counsel.

The appointment of class counsel is governed by Fed. R. Civ. P. 23(g). Although a class has not been certified in this case, I may nevertheless appoint interim counsel "to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A). "No distinction is made regarding appointing interim counsel." *Hill v. The Tribune Company, et al*, No. 05-2602, 2005 WL 3299144 *3 (N.D.Ill. Oct. 13, 2005). Even if there is only one applicant, I will only appoint that applicant "if the applicant is adequate under Rule 23(g)(1)(B) and (C)." Fed. R. Civ. P. 23(g)(2)(B). In a case such as this one – where there is more than one adequate applicant – I will appoint "the applicant best able to represent the interests of the class." *Id.*

Rule 23(g)(1)(C) contains the standards used to assess applicants. It states, that I must consider: "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(C). Moreover, I may also "consider any other matter pertinent to counsel's ability to fairly

## STATEMENT

and adequately represent the interests of the class." *Id.*

The two groups competing for appointment of interim counsel are the *Dennison* Plaintiffs and the *Nebel* Plaintiffs. The *Dennison* Plaintiffs ask me to designate the firm Lovell Stewart Halebian, LLP as Chair of the Interim Lead counsel. They further seek the appointment of Wexler Toriseva Wallace LLP; Kirby, McInerney & Squire, LLP; Futterman Howard Watkins Wylie & Ashley Chtd.; and Miller Faucher and Cafferty LLP as Interim Lead Counsel.

The *Nebel* Plaintiffs ask that I appoint their counsel as Interim Class Counsel for putative statewide indirect purchaser classes for the states of Florida, North Carolina, Kentucky and New York.

Depending on the contours of the split, dividing up the group in the way the *Nebel* Plaintiffs suggest may or may not ultimately be practical. Further, even if such a split is practical, it may or may not be wise. However, that is a decision that should not be made unless and until we reach the point of making a final, rather than an interim selection.

I cannot overstate the following: whoever gains the role of Interim Lead Counsel will be given no advantage in the final selection of class counsel. That is to say, interim means interim. That said, it is best if, in the interim, counsel is a single team. Accordingly, and after considering all of the factors in Fed. R. Civ. P. 23(g)(C) (which, if a class or classes is certified, I will have to reconsider *de novo*), I am granting the *Dennison* Plaintiff's motion, and appointing Lovell Stewart Halebian, LLP as Chair of the Interim Lead counsel, and Wexler Toriseva Wallace LLP; Kirby, McInerney & Squire, LLP; Futterman Howard Watkins Wylie & Ashley Chtd.; and Miller Faucher and Cafferty LLP as Interim Lead Counsel.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD DENNISON and STEPHEN HESANO, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BP NORTH AMERICA PRODUCTS, INC., *et al.*, Defendants. | No. 06 C 3541 <br> AND RELATED INDIRECT PURCHASER CASES <br><br> Judge James B. Zagel |

## CASE MANAGEMENT ORDER NO. 1

WHEREAS, plaintiffs have filed Complaints (the "Complaints") in the above-referenced actions for alleged violations of various state antitrust laws and unjust enrichment involving Propane Gas;

WHEREAS, Plaintiffs believe that defendants intend to deny such allegations;

WHEREAS, plaintiffs seek to proceed on behalf of a proposed class of similarly-situated indirect purchasers of propane; and

WHEREAS, plaintiffs and defendants believe consolidation of the Complaints will avoid unnecessary costs and promote the efficient conduct of proceedings therein;

NOW, THEREFORE, THE COURT ORDERS as follows:

I.  **CONSOLIDATION AND COORDINATION**

1.  The actions identified in the captions hereto are consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes. Any subsequently filed, transferred or re-assigned case within this district brought on behalf of a proposed class of indirect purchasers of propane gas, that arises out of the same operative facts as the above-captioned actions, shall be consolidated with these actions and be subject to this Case Management Order No. 1 (the "Order"). The current actions and those

that may be consolidated with the current actions are collectively referred to as the "Consolidated Indirect Purchaser Actions."

2.    The terms of this Order shall not have the effect of making any person, firm, or corporation a party to any action in which he, she, or it has not been named, served, or added as such, in accordance with the Federal Rules of Civil Procedure.  The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

**II.    CAPTION OF CASES**

3.    All pleadings filed in this Consolidated Indirect Purchaser Action shall bear the following caption:

| | |
|---|---|
| IN RE: BP PROPANE INDIRECT PURCHASER ANTITRUST LITIGATION ) ) ) | No. 06 C 3541<br>Judge James B. Zagel |

**III.    NEWLY FILED OR TRANSFERRED ACTIONS**

4.    This Court requests the assistance of counsel in calling to the attention of this Court the filing or transfer of any case which might properly be consolidated as part of the Consolidated Indirect Purchaser Actions.

5.    This Order shall apply to each such case which is found to be related and/or consolidated unless a party objecting to the coordination or consolidation of such case or to provision of this Order shall, within ten (10) days after the date upon which an Order is mailed to counsel for such party, file an application for relief from this provision and this Court deems it appropriate to grant such application.

IV.    <u>**ORGANIZATION OF COUNSEL**</u>

6.    By order dated ____, 2006, the Court designated as Interim Lead Counsel the

following to act on behalf of all plaintiffs in the Consolidated Indirect Purchaser Actions.

> **Christopher Lovell**
> **LOVELL STEWART & HALABIAN LLP**
> **500 Fifth Avenue**
> **New York, NY**
> **(212) 608-1900**
>
> Chairman of Interim Lead Counsel
>
> **Kenneth A. Wexler**
> **WEXLER TORISEVA WALLACE LLP**
> **One North LaSalle Street, Suite 2000**
> **Chicago, IL 60602**
> **(312) 346-2222**
>
> **Daniel Hume**
> **Kirby, McInerny & Squire**
> **830 Third Avenue**
> **New York, NY 10022**
> **(212) 371-6600**
>
> **Ronald Futterman**
> **FUTTERMAN HOWARD WATKINS**
> **WYLIE & ASHLEY, Chtd.**
> **122 South Michigan Avenue, Suite 1850**
> **Chicago, IL 60603**
> **(312) 427-3600**
>
> **Marvin A. Miller**
> **MILLER FAUCHER AND CAFFERTY LLP**
> **30 NORTH LASALLE STREET**
> **CHICAGO, IL 60602**
> **(312) 782-4880**

7.    Defendant's counsel of record are:

> **Richard C. Godfrey, P.C.**
> **David Zott**
> **Andrew A. Kassof**
> **Kathleen Ehardt**
> **Kathryn F. Taylor**
> **Khara Coleman**
> **Kirkland & Ellis LLP**
> **200 East Randolph Drive**
> **Chicago, IL 60601**
> *(312) 861-2000*

8.    Until further order of Court, Interim Lead Counsel in the Consolidated Indirect Purchaser Actions is charged with performing, on behalf of all plaintiffs in the Consolidated Indirect Purchaser Actions, administrative matters such as communications with clerical staff of the Court and with other counsel (including receiving and distributing notices, orders, motions and briefs on behalf of the group), advising parties of developments in the case, and otherwise assisting in the coordination of activities and positions.

9.    Interim Lead Counsel in the Consolidated Indirect Purchaser Actions, working together in a coordinated fashion, shall have sole authority over the following matters on behalf of all plaintiffs in the Consolidated Indirect Purchaser Actions: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing, and argument of all motions; (c) the scope, order, and conduct of all discovery proceedings; (d) such work assignments to other counsel as they may deem appropriate; (e) collecting time and expense reports from such other counsel on a periodic basis; (f) the retention of experts; (g) designation of which attorneys may appear at hearings and conferences with the Court; (h) the timing and substance of any settlement negotiations with defendants; (i) the allocation of fees, if any are awarded by the Court; and (j) other matters concerning the prosecution of the Consolidated Indirect Purchaser Actions Interim Lead Counsel

shall be responsible for the overall direction and administration of the Consolidated Indirect Purchaser Actions.

10.     No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Indirect Purchaser Actions except through the respective Co-Lead Counsel.

11.     Interim Lead Counsel in the Consolidated Indirect Purchaser Actions, or their designees, shall have sole authority to communicate with Defendants' Counsel and the Court on behalf of all plaintiffs in the Consolidated Indirect Purchaser Actions. Defendants' Counsel may rely on all agreements made with Co-Lead Counsel and Liaison Counsel in the Consolidated Indirect Purchaser Actions, and such agreements shall be binding on all counsel in the Consolidated Indirect Purchaser Actions.

12.     The organizational structure of Plaintiffs' counsel established by this Court's order dated _____, 2006 and adopted herein shall likewise apply to any and all related and/or consolidated actions.

13.     **Time Records**. All plaintiffs' counsel in the Consolidated Indirect Purchaser Actions shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses to Co-Lead Counsel, or their designee.

V.      **FILING AND SERVICE OF DOCUMENTS**

14.     The Parties shall file and serve all papers in accordance with the Electronic Case Filing Policies and Procedures ("ECF Procedures") of this Court. Defendants' service of papers by ECF Procedures on each Co-Lead Counsel constitutes service on Plaintiffs. Plaintiffs shall serve papers on Defendants by ECF Procedures. To the extent that papers are filed under seal, the papers shall be served on counsel listed in paragraphs 15 and 16.

VI.    **PRESERVATION OF DOCUMENTS**

15.    During this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer and electronically generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.  Nothing in this paragraph is intended to change or otherwise modify the parties' obligations under the Federal Rules of Civil Procedure.

VII.    **MODIFICATION**

16.    Any party may, for good cause shown, move for modification of any provision of this Order.

SO ORDERED:

DATED: _____          _____

                                     **James B. Zagel**
                                     **UNITED STATES DISTRICT JUDGE**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SCHAGRINGAS CO., Individually and on Behalf of all Others Similarly Situated, | : : : | Civil Action No. 06-CV-3621 |
| v. | : : | |
| BP PRODUCTS NORTH AMERICA, INC., et al. | : | |

| | | |
|---|---|---|
| STYER PROPANE, LLC, Individually and on Behalf of all Others Similarly Situated, | : : | Civil Action No. 06-CV-3871 |
| v. | : : | |
| BP PRODUCTS NORTH AMERICA, INC., et al. | : | |

| | | |
|---|---|---|
| PARKE J. PATTEN, INC., d/b/a PATTEN INC., OR PATTEN'S GAS, Individually and on Behalf of all Others Similarly Situated, | : : : | Civil Action No. 06-CV-5325 |
| v. | : : | |
| BP PRODUCTS NORTH AMERICA, Inc., et al. | : | |

## [~~~~~~~~~] CASE MANAGEMENT ORDER NO. 1

AND NOW, this 27th day of MARch , 2007, it is hereby ORDERED and DECREED as follows:

### CONSOLIDATION AND PROCEDURES FOR FILING AND DOCKETING

### I.   Order of Consolidation

**A.**   The above-captioned Direct Purchaser Actions and any similar actions that may hereafter be filed in or transferred to this Court (collectively, the "Direct Purchaser Actions") are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil

Procedure. Such actions shall be collectively referred to as "In re: BP Propane Direct Purchaser Antitrust Litigation, Master File No. 1:06-CV-3621."

     **B.**    Nothing in this Order shall have the effect of making any person or entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

## II.   MASTER DOCKET, CASE FILE, AND SEPARATE ACTION FILES

     A Master Docket and Case File is hereby established for the consolidated pretrial proceedings in the Direct Purchaser Actions. The Master File shall be Civil Action No. 1:06-CV-3621. The original of this Order shall be filed by the Clerk of Court in the Master File herein established. The Clerk of Court shall maintain a separate file for each action that is or may be consolidated, and filings shall be made therein in accordance with the regular procedures of the Clerk of Court. The Clerk of Court shall file a copy of this Order in each such separate file.

## III.   CAPTION OF CASES

     **A.**    Every pleading filed in the Direct Purchaser Actions, or in any separate action included therein, shall bear the following caption:

| | |
|---|---|
| IN RE: SCHAGRINGAS CO | : Master File No. 1:06-CV-3621 |
| ~~---------------~~ v, | : The Honorable James B. Zagel |
| BP PRODUCTS, ET AL | : |
| This Document Relates To: | : |

2

**B.**    When a filing is intended to apply to all Direct Purchaser Actions governed by this Order, the words "All Direct Purchaser Actions" shall appear immediately after the words, "This Document Relates To:" in the caption set out above.  When a pleading is intended to apply only to some, but not all, of the Direct Purchaser Actions, this Court's docket number for each individual action to which the pleading is intended to apply and the caption of that action, *e.g.*, "Schagringas Co. v. BP Products North America, Inc., et al., No. 1:06-CV-3621" shall appear immediately after the words "This Document Relates To."

## IV.    FILING AND DOCKETING

**A.**    When a paper is filed and the caption, pursuant to Section III above, shows that it is to be applicable to "All Direct Purchaser Actions," the Clerk of Court shall file such paper in the Master File and note such filing on the Master Docket.  No further papers need be filed or docket entries made.

**B.**    When a paper is filed and the caption, pursuant to Section III above, shows that it is to be applicable to less than all of the Direct Purchaser Actions that may have been consolidated, the Clerk of Court shall file the original of such paper in the Master File and a copy in the file of each specific action to which the paper is intended to be applicable, and shall note such filing in the Master Docket and in the docket of each such action.

## V.    NEWLY-FILED OR TRANSFERRED ACTIONS

If a civil action brought by or on behalf of a direct purchaser relates to the same subject matter as In re:  BP Propane Direct Purchaser Antitrust Litigation, Master File No. 1:06-CV-3621, is hereafter filed in or transferred to this Court, the Clerk of Court shall:

**A.**    File a copy of this Order in the separate file for such action.

**B.**    Mail a copy of the notice of assignment to counsel for plaintiffs and counsel for the defendant(s) in the actions consolidated.

**C.**    Make an appropriate entry in the Master Docket.

**D.**    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case.

**E.**    Upon the first appearance of any new defendant(s), add such newly-added defendant(s) to the Master Docket and mail a copy of this Order to counsel for the newly-added defendant(s).

The Court requests the assistance of counsel in calling to the attention of the Clerk of Court the filing or transfer of any case that might properly be consolidated for pretrial purposes with In re: BP Propane Direct Purchaser Antitrust Litigation, Master File No. 1:06-CV-3621.

**VI.    APPLICATION OF THIS ORDER TO SUBSEQUENTLY-FILED CASES**

This Order shall apply to subsequently filed or transferred civil actions brought by and on behalf of direct purchasers of Propane that assert claims similar to those set forth in In re: BP Propane Direct Purchaser Antitrust Litigation, Master File No. 1:06-CV-3621. The Court may exempt a subsequent case from application of this provision if good cause is shown upon motion of a party moving for relief from this Order within twenty (20) days after the date on which the Clerk of Court mails a copy of this Order to counsel for that party.

**VII.    ELECTRONIC FILING AND SERVICE**

**A.**    The procedures for electronic filing and service of documents specified in Local Rule 5.2 of this Court, as well as the General Order on Electronic Case Filing dated November 16, 2004 and revised May 19, 2005 and May 21, 2006, shall apply and be observed by all parties.

**B.**    Counsel for all parties shall apply for Filing User status (as defined in the General Order on Electronic Case Filing) by March 15, 2007.

C.    After March 15, 2007, counsel shall only be required to electronically serve documents filed in In re: BP Propane Direct Purchaser Antitrust Litigation, Master File No. 1:06-CV-3621 via this Court's Electronic Case Filing system.

## VIII.    SCHEDULE

### A.    Pleadings and Initial Motions

- Direct Purchaser Plaintiffs' Consolidated Complaint ("Complaint"): **March 15, 2007.** This pleading shall not be deemed an amended complaint within the meaning of Fed. R. Civ. P. 15, and Direct Purchaser Plaintiffs reserve the right to file an amendment as of right at any time prior to Defendants' filing an Answer or Motion in Response to the Complaint.

- Pursuant to the Court's Order at the hearing held on October 12, 2006, Defendants' Answer or Motion in Response to Complaint shall be due twenty-eight days after the filing of the Direct Purchaser Plaintiffs' Consolidated Complaint: **April 12, 2007**[1]

- Direct Purchaser Plaintiffs' Opposition to Defendants' Motions (if filed): **May 10, 2007**

- If Direct Purchaser Plaintiffs believe discovery is required in order to reply to a Motion filed by Defendants, the parties shall meet and confer on the issue and, if in agreement, shall submit a revised proposed Order to the Court for approval by **April 26, 2007.** Absent agreement, the Direct Purchaser Plaintiffs reserve their right to seek such discovery, and Defendants reserve their right to object to such discovery.

### B.    Subsequent Proceedings

- Within 30 days after any decision by the Court with respect to motions filed in response to the Complaint, or within 30 days after the filing of an answer to the Complaint if no motion is filed, the Court shall convene a status conference to set a schedule for the remaining stages of the litigation.

- After the date for the status conference is set, the parties shall meet and confer in an effort to reach agreement on a schedule for subsequent proceedings. The parties shall submit a single document to the Court setting forth an agreed schedule or, if no agreement is reached, the document shall set forth the areas

---

[1] The parties advise the Court of their understanding that the United States Department of Justice ("DOJ") intends to move for a stay of the consolidated Direct Purchaser and Indirect Purchaser cases. Thus, the deadline for defendants' answer or motion in response to the Consolidated Complaint, as well as any reply to defendants' motions (if filed), may be affected by the filing of and/or ruling on any such motion by the DOJ.

of agreement and areas of disagreement. The foregoing document shall be submitted to the Court 10 days prior to the scheduled date for the status conference described above.

Dated: *MArch 27* , 2007

*James B. Zagel*
JAMES B. ZAGEL
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

SCHAGRINGAS Co., et al.

Plaintiff,

v.

Case No.: 1:06−cv−03621
Honorable James B. Zagel

BP Products North America, Inc., et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, March 27, 2007:

MINUTE entry before Judge James B. Zagel :Motion hearing held on 3/27/2007. Attorney for US Department of Justice added. MOTION to enter case management order [41] is granted. MOTION by Intervenor Us Department Of Justice to file affidavit under seal [47] is granted. MOTION to intervene by the United States Department of Justice and to stay proceedings [43] is granted. Six months stay of proceedings permitted. Status hearing set for 9/28/2007 at 10:00 AM.Mailed notice(drw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

SCHAGRINGAS Co., et al.

                                        Plaintiff,

v.                                                      Case No.: 1:06−cv−03621
                                                        Honorable James B. Zagel

BP Products North America, Inc., et al.

                                        Defendant.
_____

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, September 28, 2007:

          MINUTE entry before Judge James B. Zagel :Status hearing held on 9/28/2007.
Motion to extend stay [58] is granted. Motion for extension of time to serve [59] is
granted.Mailed notice(drw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov*.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: SCHAGRINGAS CO. | : | |
| v. | : | Master File No. 1:06-CV-3621 |
| | : | The Honorable James B. Zagel |
| BP PRODUCTS, ET AL. | : | |
| This Document Relates To: | : | |
| All Direct Purchaser Actions | : | |

## AGREED MOTION OF DIRECT PURCHASER PLAINTIFFS AND DEFENDANT BP PRODUCTS NORTH AMERICA, INC. FOR ENTRY OF CASE MANAGEMENT ORDER NO. 2

Since the Consolidated Complaint was filed in this matter on March 15, 2007, the Court has stayed this action twice, both times in response to motions made by the United States Department of Justice ("DOJ"). The second of these stays expired by its terms on November 26, 2007. Since the expiration of the second stay, Direct Purchaser Plaintiffs ("Plaintiffs") and defendant BP Products North America ("BPNA") have met, conferred and jointly concluded that the entry of a second case management order, in the form attached hereto as Exhibit A, will assist in facilitating continued efficient progress in this matter. Accordingly, by their undersigned attorneys, the parties hereby respectfully request that the Court issue an Order in the form of the Proposed Case Management Order No. 2, attached hereto as Exhibit A.

Dated:  January 29, 2008                              Respectfully submitted,


                                                     /s/  William H. London
                                                     Michael J. Freed
                                                     Steven A. Kanner
                                                     William H. London
                                                     Douglas A. Millen
                                                     FREED KANNER LONDON &
                                                     MILLEN LLC
                                                     2201 Waukegan Road, Suite 130
                                                     Bannockburn, Illinois 60015
                                                     Telephone: (224) 632-4500
                                                     Fax: (224) 632-4521

                                                     Karen L. Morris
                                                     Patrick F. Morris
                                                     MORRIS AND MORRIS LLC
                                                     COUNSELORS AT LAW
                                                     4001 Kennett Pike, Suite 300
                                                     Wilmington, DE 19807
                                                     Telephone: (302) 426-0400
                                                     Fax: (302) 426-0406

                                                     Steven A. Asher
                                                     Mindee J. Reuben
                                                     Noah I. Axler
                                                     WEINSTEIN KITCHENOFF & ASHER LLC
                                                     1845 Walnut Street, Suite 1100
                                                     Philadelphia, PA 19103
                                                     Telephone: (215) 545-7200
                                                     Fax: (215) 545-6535

                                                     *Interim Class Counsel for
                                                     Direct Purchaser Plaintiffs*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: SCHAGRINGAS CO. | : | |
| v. | : | Master File No. 1:06-CV-3621 |
| | : | The Honorable James B. Zagel |
| BP PRODUCTS, ET AL. | : | |
| This Document Relates To: | : | |
| All Direct Purchaser Actions | : | |

**[PROPOSED] CASE MANAGEMENT ORDER NO. 2**

Pursuant to Fed. R. Civ. P. 26(f) and 16(b), the Court hereby ORDERS as follows:

1.     **INITIAL DISCLOSURES**:  The parties shall make initial disclosures pursuant to Fed. R. Civ. P. 26(a) by March 7, 2008.

2.     **FACT DISCOVERY**:  Fact discovery may be commenced as to parties and non-parties beginning March 14, 2008.

3.     **AMENDED COMPLAINT**:  Plaintiffs may file a first amended consolidated complaint no later than February 29, 2008.

4.     **MOTION TO DISMISS OR ANSWER**:

      a.   Defendants shall file a motion to dismiss or answer no later than April 4, 2008.

      b.   Plaintiffs shall file their response to any motion to dismiss no later than May 16, 2008.

      c.   Defendants shall file a reply by June 13, 2008.

5.     **STATUS CONFERENCE:** A status conference shall be scheduled on

September ___, 2008.  The parties shall be prepared to discuss the status of discovery and

to propose a schedule for class certification.

**IT IS SO ORDERED.**

DATE:_____          _____
                              JAMES B. ZAGEL
                              UNITED STATES DISTRICT JUDGE

United States Bankruptcy Court
Southern District of Texas
FILED

FEB 2 9 2008

Michael N. Milby, Clerk

# BEFORE THE JUDICIAL PANEL ON
# MULTI-DISTRICT LITIGATION

In re:                                    )

                                          )

BP PRODUCTS NORTH AMERICA, INC.           )    MDL Docket No. _____
ANTITRUST LITIGATION                      )

_____   )

                                          )

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing Motion, Brief, Schedule of Actions and this Certificate of Service was served by Federal Express on February 28, 2008 to the following:


Clerk of Court                            Clerk of Court
U.S.D.C. Northern District Illinois       U.S.D.C. Southern District of Texas
Everett McKinley Dirksen Building         Houston Division
20th floor                                United States Court House
219 South Dearborn Street                 515 Rusk Avenue, 5th Floor
Chicago, IL 60604                         Houston, TX  77002


Michael L. Spafford
McKee Nelson, LLP
1919 M. Street, N.W.
Washington, D.C.  20036
**Counsel for Defendant:  Dennis Abbott**

W. Neil Eggleston
Debevoise & Plimpton LLP
555 W. 13th Street, N.W.
Washington, D.C. 20004

**Counsel for Defendant: Donald Byers**

Kevin M. Flynn
Kevin M. Flynn & Associates
77 W. Wacker Drive, Suite 4800
Chicago, IL 60601
(312) 456-0240

Ryan K. Higgins
Rusty Hardin & Associates, P.C.
1401 McKinney, Suite 2250
Houston, TX 77010
(713) 652-9000

**Counsel for Defendant: Cody Claborn,** N.D. Illinois Nos. 06 CV 3541 and 06 CV 3641

Ty Cobb
Hogan & Hartson LLP
555 Thirteenth Street, N.W.
Washington, DC 20004

**Counsel for Defendant: Martin Marz**

Monte L. Mann
Novack and Macey LLP
100 North Riverside Plaza, Suite 1500
Chicago, IL 60606
(312) 419-6900

Glenn R. Reichardt
Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K. Street, N.W.
Washington, D.C. 20006-1600
(202) 778-9000

**Counsel for Defendant: Mark Radley,** N.D. Illinois Nos. 06 CV 3541 and 06 CV 3837

Gregg L. Bernstein
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-0444

Mark A. Flessner
Sonnenschein Nath & Rosenthal LLP
Sears Tower
233 S. Wacker Drive
Chicago, IL 60606
(312) 876-8000

Matthew Kaiser
Rachel Martin
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-1800

Jacks C. Nickens
Nickens, Keeton, Lawless Farrell & Flack LLP
600 Travis, Suite 7500
Houston, TX 77002
(713) 353-6668

**Counsel for Defendant: James Summers**

2

Mark C. Harwell
Cotham, Harwell & Evans
A Professional Corporation
1616 S. Voss, Suite 200
Houston, TX 77057
(713) 647-7511
**Counsel for Plaintiff: Koch Supply & Trading, L.P.**, S.D. Texas No. 08 CV 377

Michael J. Freed
Steven A. Kanner
William H. London
Freed Kanner London & Millen LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500

Karen L. Morris
Patrick F. Morris
Morris & Morris LLC
4001 Kennett Pike, Suite 300
Wilmington, DE 19807
(302) 426-0400

Steven A. Asher
Mindee J. Reuben
Weinstein Kitchenoff & Asher LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 545-7200

Richard A. Epstein
1111 East 60th Street
Chicago, IL 60637
(773) 702-9567

Thomas A. Tucker Ronzetti
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134
(305) 372-1800

John E. Dowdell
Norman Wohlgemuth Chandler & Dowdell,
P.C.
2900 Mid Continent Tower
Tulsa, OK 74103
(918) 583-7571

**Counsel for Plaintiffs: SchagrinGAS Co., Styer Gas and Parke J. Patten, Inc. dba Patten, Inc. or Patten's Gas**, N.D. Illinois No. 06 CV 3621

Christopher Lovell
Lovell Stewart & Halabian LLP
500 Fifth Avenue
New York, NY 10110
(212) 608-1900

Daniel Hume
Kirby, McInerny & Squire
830 Third Avenue
New York, NY 10022
(212) 371-6600

Kenneth A. Wexler
Wexler Toriseva Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
(312) 346-2222

Ronald Futterman
Futterman Howard Watkins Wylie & Ashley,
Chtd.
122 S. Michigan Ave., Suite 1850
Chicago, IL 60603
(312) 427-3600

3

Marvin A. Miller
Miller Law LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
(312) 332-3400

**Interim Lead Counsel for Plaintiffs:  Deborah Cassells and James Marcello** (N.D. Illinois
No. 06 CV 3837), **Richard Dennison and Stephan Hesano** (N.D. Illinois No. 06 CV
3541), **David Guin** (N.D. Illinois No. 07 CV 3531), **Drew Halpern** (N.D. Illinois No. 06
CV 4736), **Myles Levin** (N.D. Illinois No. 06 CV 3570), **Scott Meharg** (N.D. Illinois No.
06 CV 5293), **Donald Mowers** (N.D. Illinois No. 06 CV 4680), **Kurt Nebel** (N.D. Illinois
No. 06 CV 4363), **H. Steven Plaut and David A. Mullins III** (N.D. Illinois No. 06 CV
4577), **Craig Ridgway** (N.D. Illinois No. 06 CV 6108), **Gregory Sydor** (N.D. Illinois
No. 06 CV 4188), **Donald Terry and Jennifer Terry** (N.D. Illinois No. 06 CV 3551),
**Anita White** (N.D. Illinois No. 06 CV 6994) **and Michael Withum** (N.D. Illinois No. 06
CV 3744)

Peter G. Skiko                                  Henry Chajet
Daniel G. Willis                                John Austin
Swanson, Martin & Bell, LLP                     DeMaurice Smith
330 N. Wabash, Suite 3300                        John Schryber
Chicago, IL 60611                               Patton Boggs LLP
(312) 321-9100                                   2550 M Street NW
                                                Washington, D.C. 20037
                                                (202) 457-6000

**Counsel for Plaintiffs:  AmeriGas Propane L.P. and Ferrellgas, L.P.,** N.D. Illinois No.
08 CV 981

David J. Zott, P.C.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601-6636
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

*Attorney for Defendant BP Products North
America, Inc.*

4B

United States Bankruptcy Court
Southern District of Texas
FILED

FEB 2 9 2008

Michael N. Milby, Clerk

## BEFORE THE JUDICIAL PANEL ON
## MULTI-DISTRICT LITIGATION

In re:                                    )
                                          )
BP PRODUCTS NORTH AMERICA, INC.           )    MDL Docket No. _____
ANTITRUST LITIGATION                      )
                                          )
_____   )

### BP PRODUCTS NORTH AMERICA, INC.'S
### CORPORATE DISCLOSURE STATEMENT

In compliance with Rule 5.3 of the Rules of the Judicial Panel on Multidistrict Litigation,

counsel for BP Products North America, Inc. ("BP Products") hereby certifies that a 100% of BP

Product's stock is indirectly owned by BP America Inc. BP America Inc. is in turn owned by BP

p.l.c. Shares of BP p.l.c. are traded on the New York and London Stock Exchanges.

Date:   February 27, 2008                 Respectfully submitted,

                                          David J. Zott, P.C.
                                          KIRKLAND & ELLIS LLP
                                          200 East Randolph Drive
                                          Chicago, Illinois 60601-6636
                                          Telephone: (312) 861-2000
                                          Facsimile: (312) 861-2200

                                          *Attorneys for Defendant BP Products North*
                                          *America, Inc.*

United States Bankruptcy Court
Southern District of Texas
FILED

FEB 2 9 2008

Michael N. Milby, Clerk

# BEFORE THE JUDICIAL PANEL ON
## MULTI-DISTRICT LITIGATION

In re:                                              )

                                                    )

BP PRODUCTS NORTH AMERICA, INC.                     )    MDL Docket No. _____
ANTITRUST LITIGATION

                                                    )

_____                     )

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing BP Products North America, Inc.'s Corporate Disclosure Statement and this Certificate of Service was served by Federal Express on February 28, 2008 to the following:

Clerk of Court                          Clerk of Court
U.S.D.C. Northern District Illinois     U.S.D.C. Southern District of Texas
Everett McKinley Dirksen Building       Houston Division
20th floor                              United States Court House
219 South Dearborn Street               515 Rusk Avenue, 5th Floor
Chicago, IL 60604                       Houston, TX  77002


Michael L. Spafford
McKee Nelson, LLP
1919 M. Street, N.W.
Washington, D.C.  20036

**Counsel for Defendant:  Dennis Abbott**

W. Neil Eggleston
Debevoise & Plimpton LLP
555 W. 13th Street, N.W.
Washington, D.C. 20004

**Counsel for Defendant: Donald Byers**


Kevin M. Flynn
Kevin M. Flynn & Associates
77 W. Wacker Drive, Suite 4800
Chicago, IL 60601
(312) 456-0240

Ryan K. Higgins
Rusty Hardin & Associates, P.C.
1401 McKinney, Suite 2250
Houston, TX 77010
(713) 652-9000

**Counsel for Defendant: Cody Claborn,** N.D. Illinois Nos. 06 CV 3541 and 06 CV 3641


Ty Cobb
Hogan & Hartson LLP
555 Thirteenth Street, N.W.
Washington, DC 20004

**Counsel for Defendant: Martin Marz**


Monte L. Mann
Novack and Macey LLP
100 North Riverside Plaza, Suite 1500
Chicago, IL 60606
(312) 419-6900

Glenn R. Reichardt
Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K. Street, N.W.
Washington, D.C. 20006-1600
(202) 778-9000

**Counsel for Defendant: Mark Radley,** N.D. Illinois Nos. 06 CV 3541 and 06 CV 3837


Gregg L. Bernstein
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-0444

Mark A. Flessner
Sonnenschein Nath & Rosenthal LLP
Sears Tower
233 S. Wacker Drive
Chicago, IL 60606
(312) 876-8000

Matthew Kaiser
Rachel Martin
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-1800

Jacks C. Nickens
Nickens, Keeton, Lawless Farrell & Flack LLP
600 Travis, Suite 7500
Houston, TX 77002
(713) 353-6668

**Counsel for Defendant: James Summers**

Mark C. Harwell
Cotham, Harwell & Evans
A Professional Corporation
1616 S. Voss, Suite 200
Houston, TX 77057
(713) 647-7511
**Counsel for Plaintiff: Koch Supply & Trading, L.P.**, S.D. Texas No. 08 CV 377

Michael J. Freed
Steven A. Kanner
William H. London
Freed Kanner London & Millen LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500

Richard A. Epstein
1111 East 60th Street
Chicago, IL 60637
(773) 702-9567

Karen L. Morris
Patrick F. Morris
Morris & Morris LLC
4001 Kennett Pike, Suite 300
Wilmington, DE 19807
(302) 426-0400

Thomas A. Tucker Ronzetti
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134
(305) 372-1800

Steven A. Asher
Mindee J. Reuben
Weinstein Kitchenoff & Asher LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 545-7200

John E. Dowdell
Norman Wohlgemuth Chandler & Dowdell,
P.C.
2900 Mid Continent Tower
Tulsa, OK 74103
(918) 583-7571

**Counsel for Plaintiffs: SchagrinGAS Co., Styer Gas and Parke J. Patten, Inc. dba Patten, Inc. or Patten's Gas**, N.D. Illinois No. 06 CV 3621

Christopher Lovell
Lovell Stewart & Halabian LLP
500 Fifth Avenue
New York, NY 10110
(212) 608-1900

Kenneth A. Wexler
Wexler Toriseva Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
(312) 346-2222

Daniel Hume
Kirby, McInerny & Squire
830 Third Avenue
New York, NY 10022
(212) 371-6600

Ronald Futterman
Futterman Howard Watkins Wylie & Ashley,
Chtd.
122 S. Michigan Ave., Suite 1850
Chicago, IL 60603
(312) 427-3600

Marvin A. Miller
Miller Law LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
(312) 332-3400

**Interim Lead Counsel for Plaintiffs:  Deborah Cassells and James Marcello** (N.D. Illinois No. 06 CV 3837), **Richard Dennison and Stephan Hesano** (N.D. Illinois No. 06 CV 3541), **David Guin** (N.D. Illinois No. 07 CV 3531), **Drew Halpern** (N.D. Illinois No. 06 CV 4736), **Myles Levin** (N.D. Illinois No. 06 CV 3570), **Scott Meharg** (N.D. Illinois No. 06 CV 5293), **Donald Mowers** (N.D. Illinois No. 06 CV 4680), **Kurt Nebel** (N.D. Illinois No. 06 CV 4363), **H. Steven Plaut and David A. Mullins III** (N.D. Illinois No. 06 CV 4577), **Craig Ridgway** (N.D. Illinois No. 06 CV 6108), **Gregory Sydor** (N.D. Illinois No. 06 CV 4188), **Donald Terry and Jennifer Terry** (N.D. Illinois No. 06 CV 3551), **Anita White** (N.D. Illinois No. 06 CV 6994) **and Michael Withum** (N.D. Illinois No. 06 CV 3744)

Peter G. Skiko
Daniel G. Willis
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100

Henry Chajet
John Austin
DeMaurice Smith
John Schryber
Patton Boggs LLP
2550 M Street NW
Washington, D.C. 20037
(202) 457-6000

**Counsel for Plaintiffs:  AmeriGas Propane L.P. and Ferrellgas, L.P.**, N.D. Illinois No. 08 CV 981

David J. Zott, P.C.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601-6636
Telephone:    (312) 861-2000
Facsimile:     (312) 861-2200

*Attorney for Defendant BP Products North America, Inc.*

48