THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

KOCH SUPPLY & TRADING, L.P.,           §
                                       §
          Plaintiff,                   §
                                       §
v.                                     §          CAUSE NO. 4:08-CV-377
                                       §
BP PRODUCTS NORTH AMERICA, INC.,       §          Jury Trial Demanded
                                       §
          Defendant.                   §

## KOCH SUPPLY & TRADING, L.P.'S OBJECTION TO BP'S MOTION TO STAY ALL PROCEEDINGS (Docket #4)

### TO THE HONORABLE JUDGE NANCY ATLAS:

Plaintiff, Koch Supply & Trading, L.P. ("KS&T") objects to BP Products North America, Inc.'s ("BP") motion for a stay of all proceedings and respectfully requests that the motion be denied in part for the following reasons:

1.      BP has requested that all proceedings in this case be indefinitely stayed until its motion to transfer filed with the Judicial Panel on Multidistrict Litigation can be ruled upon. Based upon a review of the JPML's February 2008 decisions, KS&T anticipates that we might know the JPML's decision by the end of May or June 2008.[1]  KS&T requests that the Court not order the total stay BP has requested, but rather that the Court require that BP comply in this case with the same schedule it has already agreed to in the case to which BP seeks to transfer this case.

2.      KS&T's opposition to the stay is not a product of mere impatience.  Instead, KS&T's interests will be prejudiced by the issuance of a stay, as is discussed below.  While KS&T agrees that the Court's resources should not be expended in considering a matter that

---

[1] As of this date the JPML has not assigned a MDL case number or issued a briefing schedule.  Generally, the JPML's February 2008 decisions were on motions initiated in late October or November 2007.

might subsequently be transferred to a different district court, KS&T does not agree that a complete stay of the proceedings is either warranted or necessary to avoid that result.

3.    KS&T is a "direct purchaser" of TET propane. The case that BP seeks to have the present action consolidated with is a putative class action styled *Schagringas Co., et.al. v. BP Products North America, Inc., et. al.*, Case No. 1:06-CV-03621, pending before Judge James B. Zagel in the Northern District of Illinois. Judge Zagel has consolidated all direct purchaser cases filed or transferred to his Court in the *Schagringas* case.[2]

4.    On January 30, 2008, Judge Zagel made a docket entry granting a joint motion of the *Schagringas* parties for a scheduling order.[3] Pursuant to that order BP has agreed to, or Judge Zagel has ordered, the following schedule and deadlines:

(a)    Rule 26(a) disclosures:    March 7, 2008

(b)    Fact discovery commences:    March 14, 2008

(c)    Plaintiffs file consolidated complaint:    Feb. 29, 2008 (done)

(d)    Defendants file answer or motion to dismiss:    April 4, 2008

(e)    Plaintiffs respond to motion to dismiss:    May 16, 2008

(f)    Defendants reply to response:    June 13, 2008

5.    If this Court grants the stay requested by BP, and the MDL *grants* BP's motion, then perhaps in late May or June 2008, KS&T will be transferred to a case where it will have missed, and not been allowed to participate in, 3 or more months of discovery. Nor will KS&T have been permitted to address the court on the issues presented in BP's anticipated Rule 12(b) motion. Worse, if for any reasons the JPML is delayed in ruling, the Rule 12(b) motion could be submitted to Judge Zagel, and perhaps even be decided before any such transfer, KS&T then

---

[2] Exhibit "A" attached is a copy Judge Zagel's order.
[3] Exhibit "B" attached is a copy of the Minute entry, together with a copy of the form of motion and order jointly submitted by the *Schagringas* parties.

being transferred potentially to a dismissed case, without providing KS&T any opportunity to even appear.

6.    If instead the Court denies the total stay, but requires merely that BP comply in this case with the same dates it has agreed to in the *Schagringas* case, then regardless of whether the JPML grants or denies the stay, KS&T will be allowed to participate in the factual discovery, and will be permitted the opportunity to be heard on BP's anticipated Rule 12 motion. By contrast, the "prejudice" BP will incur from the denial of the total stay is that it will have to file its Rule 12 motion in two courts, but otherwise only comply with the deadlines it has already agreed to. So weighing the potential prejudices of granting a stay, we have KS&T who will be shut out of three or more months of fact discovery and may be shut out of any consideration of potentially dispositive legal arguments, versus BP who will have to format its Rule 12(b) twice so that it can be filed in two courts.

7.    There are two other points to be considered. First, the Court has scheduled the initial pretrial conference for April 11, 2008. KS&T respectfully defers to the Court whether to have that conference before we hear from the JPML. KS&T respectfully suggests that the entry of an order requiring BP to file its Rule 12 motion by April 4, with KS&T to file a response by May 16th, and BP to reply by June 13th, may largely accomplish the purposes of a pretrial conference and lay the necessary groundwork for this Court to timely and efficiently determine the Rule 12(b) motion should the JPML deny BP's motion. This may obviate the necessity of the April 11th hearing.

8.    The second issue to be considered is Rule 26(a) disclosures in the present case. Under the Court's current initial pretrial order, those disclosures will not be due until some date after April 7, 2008, when the joint case management plan is due. As long as KS&T is permitted to participate in fact discovery after March 14th, should the Court decide to defer the scheduling

conference until after the JPML rules, KS&T suggests that the Rule 26(f) meeting and subsequent disclosures be similarly deferred. In that way BP is not put to any additional effort whatsoever, and there is not any risk of judicial redundancy.

9.    BP has made other arguments in its motion that essentially argue for the transfer of the case to Chicago. Since this Court is not deciding that issue, KS&T will not address that argument in detail. However, KS&T desires to assure the Court that KS&T's opposition to the motion to transfer and consolidate is substantial, and KS&T is not wasting the Court's time with a forlorn hope that the case will remain in Houston. KS&T brought this case in Houston because all of its witnesses are in Houston, all of its documents are in Houston, and all KS&T's trades occurred in Houston. Additionally, at the time of BP's now-confessed illegal conduct, February 2004, BP's natural gas liquids trading bench was located in Houston. Ultimately, KS&T believes that the principal issue that the JPML will consider is whether there are unresolved, common, complex issues of fact between the cases which merit consolidation for the convenience of the parties and witnesses, and in the best interests of judicial economy. *In re AIMCO Inc.*, MDL No. 1915, 2008 U.S. Dist. LEXIS 12206 (J.P.M.L. Feb. 14, 2008) (involving 23 actions in 21 districts) ("The proponents of centralization have failed to convince us that any remaining and unresolved common questions of fact among these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time.") Yet, BP has not identified a single, *unresolved* common issue of fact to the JPML in its § 1407 motion. Considering that: (1) BP has already admitted, and thus resolved, all operative "common" facts for liability in a Deferred Prosecution Agreement entered in November 2007; and (2) BP presumably is trying to preserve future arguments that there is insufficient commonality or typically of claims in order to try to avoid certification of the putative classes in the 17 Chicago

4

cases, there is a good faith reason to believe that the JPML will not order the transfer and consolidation of this case.

## PRAYER

Koch Supply & Trading, L.P., respectfully requests that the Court deny BP's motion for a stay, and instead issue an order in the form filed herewith, setting forth the same requirements as the case to which BP seeks to transfer this case, and for all further relief to which it has demonstrated its entitlement.

DATED: March 10, 2008.

Respectfully submitted,

By: /S/ Mark C. Harwell
   **Mark C. Harwell**
   **Attorney-in-charge**
   State Bar No. 09191700
   Southern District of Texas 0772
   **COTHAM, HARWELL & EVANS**
   A Professional Corporation
   1616 S. Voss, Suite 200
   Houston, Texas 77057
   Telephone: (713) 647-7511
   Facsimile: (713) 647-7512

   **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing has been filed electronically and delivered electronically on the 10th day of March, 2008, as follows:

Thomas T. Hutcheson
Winstead PC
1100 JP Morgan Chase Tower
600 Travis Street
Houston, Texas 77002
thutcheson@winstead.com

David Zott
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
dzott@kirkland.com

/S/ Mark C. Harwell
Mark C. Harwell

# Exhibit "A"

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SCHAGRINGAS CO., Individually and on Behalf of all Others Similarly Situated, | : | Civil Action No. 06-CV-3621 |
| v. | : | |
| BP PRODUCTS NORTH AMERICA, INC., et al. | : | |

| | | |
|---|---|---|
| STYER PROPANE, LLC, Individually and on Behalf of all Others Similarly Situated, | : | Civil Action No. 06-CV-3871 |
| v. | : | |
| BP PRODUCTS NORTH AMERICA, INC., et al. | : | |

| | | |
|---|---|---|
| PARKE J. PATTEN, INC., d/b/a PATTEN INC., OR PATTEN'S GAS, Individually and on Behalf of all Others Similarly Situated, | : | Civil Action No. 06-CV-5325 |
| v. | : | |
| BP PRODUCTS NORTH AMERICA, Inc., et al. | : | |

## [　　　　] CASE MANAGEMENT ORDER NO. 1

AND NOW, this _27th_ day of _March_ , 2007, it is hereby ORDERED and DECREED as follows:

### CONSOLIDATION AND PROCEDURES FOR FILING AND DOCKETING

**I.** **Order of Consolidation**

　　**A.** The above-captioned Direct Purchaser Actions and any similar actions that may hereafter be filed in or transferred to this Court (collectively, the "Direct Purchaser Actions") are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil

Procedure. Such actions shall be collectively referred to as "In re: BP Propane Direct Purchaser Antitrust Litigation, Master File No. 1:06-CV-3621."

    **B.**    Nothing in this Order shall have the effect of making any person or entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

## II.    MASTER DOCKET, CASE FILE, AND SEPARATE ACTION FILES

    A Master Docket and Case File is hereby established for the consolidated pretrial proceedings in the Direct Purchaser Actions. The Master File shall be Civil Action No. 1:06-CV-3621. The original of this Order shall be filed by the Clerk of Court in the Master File herein established. The Clerk of Court shall maintain a separate file for each action that is or may be consolidated, and filings shall be made therein in accordance with the regular procedures of the Clerk of Court. The Clerk of Court shall file a copy of this Order in each such separate file.

## III.    CAPTION OF CASES

    **A.**    Every pleading filed in the Direct Purchaser Actions, or in any separate action included therein, shall bear the following caption:

| | |
|---|---|
| IN RE: SCHAGRINGAS CO | : |
| | : |
| ~~PRODUCER~~ v. | :   Master File No. 1:06-CV-3621 |
| BP PRODUCTS, ET AL | :   The Honorable James B. Zagel |
| | : |
| This Document Relates To: | : |
| | : |

2

**B.**     When a filing is intended to apply to all Direct Purchaser Actions governed by this Order, the words "All Direct Purchaser Actions" shall appear immediately after the words, "This Document Relates To:" in the caption set out above. When a pleading is intended to apply only to some, but not all, of the Direct Purchaser Actions, this Court's docket number for each individual action to which the pleading is intended to apply and the caption of that action, *e.g.*, "Schagringas Co. v. BP Products North America, Inc.*, et al., No. 1:06-CV-3621" shall appear immediately after the words "This Document Relates To."

### IV.     FILING AND DOCKETING

**A.**     When a paper is filed and the caption, pursuant to Section III above, shows that it is to be applicable to "All Direct Purchaser Actions," the Clerk of Court shall file such paper in the Master File and note such filing on the Master Docket. No further papers need be filed or docket entries made.

**B.**     When a paper is filed and the caption, pursuant to Section III above, shows that it is to be applicable to less than all of the Direct Purchaser Actions that may have been consolidated, the Clerk of Court shall file the original of such paper in the Master File and a copy in the file of each specific action to which the paper is intended to be applicable, and shall note such filing in the Master Docket and in the docket of each such action.

### V.     NEWLY-FILED OR TRANSFERRED ACTIONS

If a civil action brought by or on behalf of a direct purchaser relates to the same subject matter as In re: BP Propane Direct Purchaser Antitrust Litigation, Master File No. 1:06-CV-3621, is hereafter filed in or transferred to this Court, the Clerk of Court shall:

**A.**     File a copy of this Order in the separate file for such action.

**B.**     Mail a copy of the notice of assignment to counsel for plaintiffs and counsel for the defendant(s) in the actions consolidated.

3

C.    Make an appropriate entry in the Master Docket.

D.    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case.

E.    Upon the first appearance of any new defendant(s), add such newly-added defendant(s) to the Master Docket and mail a copy of this Order to counsel for the newly-added defendant(s).

The Court requests the assistance of counsel in calling to the attention of the Clerk of Court the filing or transfer of any case that might properly be consolidated for pretrial purposes with In re: BP Propane Direct Purchaser Antitrust Litigation, Master File No. 1:06-CV-3621.

## VI.    APPLICATION OF THIS ORDER TO SUBSEQUENTLY-FILED CASES

This Order shall apply to subsequently filed or transferred civil actions brought by and on behalf of direct purchasers of Propane that assert claims similar to those set forth in In re: BP Propane Direct Purchaser Antitrust Litigation, Master File No. 1:06-CV-3621. The Court may exempt a subsequent case from application of this provision if good cause is shown upon motion of a party moving for relief from this Order within twenty (20) days after the date on which the Clerk of Court mails a copy of this Order to counsel for that party.

## VII.    ELECTRONIC FILING AND SERVICE

A.    The procedures for electronic filing and service of documents specified in Local Rule 5.2 of this Court, as well as the General Order on Electronic Case Filing dated November 16, 2004 and revised May 19, 2005 and May 21, 2006, shall apply and be observed by all parties.

B.    Counsel for all parties shall apply for Filing User status (as defined in the General Order on Electronic Case Filing) by March 15, 2007.

4

C.    After March 15, 2007, counsel shall only be required to electronically serve documents filed in In re:  BP Propane Direct Purchaser Antitrust Litigation, Master File No. 1:06-CV-3621 via this Court's Electronic Case Filing system.

**VIII.**    SCHEDULE

  **A.**    **Pleadings and Initial Motions**

- Direct Purchaser Plaintiffs' Consolidated Complaint ("Complaint"): **March 15, 2007.** This pleading shall not be deemed an amended complaint within the meaning of Fed. R. Civ. P. 15, and Direct Purchaser Plaintiffs reserve the right to file an amendment as of right at any time prior to Defendants' filing an Answer or Motion in Response to the Complaint.

- Pursuant to the Court's Order at the hearing held on October 12, 2006, Defendants' Answer or Motion in Response to Complaint shall be due twenty-eight days after the filing of the Direct Purchaser Plaintiffs' Consolidated Complaint: **April 12, 2007**[1]

- Direct Purchaser Plaintiffs' Opposition to Defendants' Motions (if filed): **May 10, 2007**

- If Direct Purchaser Plaintiffs believe discovery is required in order to reply to a Motion filed by Defendants, the parties shall meet and confer on the issue and, if in agreement, shall submit a revised proposed Order to the Court for approval by **April 26, 2007.**  Absent agreement, the Direct Purchaser Plaintiffs reserve their right to seek such discovery, and Defendants reserve their right to object to such discovery.

  **B.**    **Subsequent Proceedings**

- Within 30 days after any decision by the Court with respect to motions filed in response to the Complaint, or within 30 days after the filing of an answer to the Complaint if no motion is filed, the Court shall convene a status conference to set a schedule for the remaining stages of the litigation.

- After the date for the status conference is set, the parties shall meet and confer in an effort to reach agreement on a schedule for subsequent proceedings. The parties shall submit a single document to the Court setting forth an agreed schedule or, if no agreement is reached, the document shall set forth the areas

---

[1] The parties advise the Court of their understanding that the United States Department of Justice ("DOJ") intends to move for a stay of the consolidated Direct Purchaser and Indirect Purchaser cases. Thus, the deadline for defendants' answer or motion in response to the Consolidated Complaint, as well as any reply to defendants' motions (if filed), may be affected by the filing of and/or ruling on any such motion by the DOJ.

of agreement and areas of disagreement. The foregoing document shall be submitted to the Court 10 days prior to the scheduled date for the status conference described above.

Dated: _MArch 27_ , 2007

_James B. Zagel_
JAMES B. ZAGEL
UNITED STATES DISTRICT JUDGE

6

Exhibit "B"

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

SCHAGRINGAS Co., et al.

                                        Plaintiff,

v.
                                                    Case No.: 1:06−cv−03621
                                                    Honorable James B. Zagel

BP Products North America, Inc., et al.

                                        Defendant.

_____

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, January 30, 2008:

     MINUTE entry before Judge James B. Zagel :Motion to set status [68] is granted
nunc pro tunc 1/3/2008. Motion for order [71] is granted. Plaintiff/defendant shall comply
with FRCP(26)(a)(2) by 3/7/2008. Discovery ordered closed by 3/14/2008. Dispositive
motions with supporting memoranda due by 4/4/2008. Responses due by 5/16/2008.
Replies due by 6/13/2008. Status hearing reset for 9/10/2008 at 10:00 AM from
1/31/2008.Mailed notice(drw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: SCHAGRINGAS CO. | : | |
| | : | |
| v. | : | Master File No. 1:06-CV-3621 |
| | : | |
| | : | The Honorable James B. Zagel |
| BP PRODUCTS, ET AL. | : | |
| | : | |
| | : | |
| This Document Relates To: | : | |
| | : | |
| All Direct Purchaser Actions | : | |

AGREED MOTION OF DIRECT PURCHASER PLAINTIFFS AND
DEFENDANT BP PRODUCTS NORTH AMERICA, INC.
FOR ENTRY OF CASE MANAGEMENT ORDER NO. 2

Since the Consolidated Complaint was filed in this matter on March 15, 2007, the

Court has stayed this action twice, both times in response to motions made by the United

States Department of Justice ("DOJ"). The second of these stays expired by its terms on

November 26, 2007. Since the expiration of the second stay, Direct Purchaser Plaintiffs

("Plaintiffs") and defendant BP Products North America ("BPNA") have met, conferred

and jointly concluded that the entry of a second case management order, in the form

attached hereto as Exhibit A, will assist in facilitating continued efficient progress in this

matter. Accordingly, by their undersigned attorneys, the parties hereby respectfully

request that the Court issue an Order in the form of the Proposed Case Management

Order No. 2, attached hereto as Exhibit A.

Dated: January 29, 2008

Respectfully submitted,

*/s/ William H. London*
Michael J. Freed
Steven A. Kanner
William H. London
Douglas A. Millen
FREED KANNER LONDON &
MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, Illinois 60015
Telephone: (224) 632-4500
Fax: (224) 632-4521

Karen L. Morris
Patrick F. Morris
MORRIS AND MORRIS LLC
COUNSELORS AT LAW
4001 Kennett Pike, Suite 300
Wilmington, DE 19807
Telephone: (302) 426-0400
Fax: (302) 426-0406

Steven A. Asher
Mindee J. Reuben
Noah I. Axler
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 545-7200
Fax: (215) 545-6535

*Interim Class Counsel for*
*Direct Purchaser Plaintiffs*

2

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: SCHAGRINGAS CO.                     :
                                           :
             v.                            :    Master File No. 1:06-CV-3621
                                           :
                                           :    The Honorable James B. Zagel
BP PRODUCTS, ET AL.                        :
                                           :
                                           :
This Document Relates To:                  :
                                           :
All Direct Purchaser Actions               :
                                           :

### [PROPOSED] CASE MANAGEMENT ORDER NO. 2

Pursuant to Fed. R. Civ. P. 26(f) and 16(b), the Court hereby ORDERS as follows:

1.    **INITIAL DISCLOSURES**: The parties shall make initial disclosures pursuant to Fed. R. Civ. P. 26(a) by March 7, 2008.

2.    **FACT DISCOVERY**: Fact discovery may be commenced as to parties and non-parties beginning March 14, 2008.

3.    **AMENDED COMPLAINT**: Plaintiffs may file a first amended consolidated complaint no later than February 29, 2008.

4.    **MOTION TO DISMISS OR ANSWER**:

     a.  Defendants shall file a motion to dismiss or answer no later than April 4, 2008.

     b.  Plaintiffs shall file their response to any motion to dismiss no later than May 16, 2008.

     c.  Defendants shall file a reply by June 13, 2008.

5.    <u>STATUS CONFERENCE</u>: A status conference shall be scheduled on

September ___, 2008. The parties shall be prepared to discuss the status of discovery and

to propose a schedule for class certification.

     **IT IS SO ORDERED.**

DATE:_____        _____

                           JAMES B. ZAGEL

                           UNITED STATES DISTRICT JUDGE

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

KOCH SUPPLY & TRADING, L.P.,           §
                                       §
          Plaintiff,                   §
                                       §
v.                                     §          CAUSE NO. 4:08-CV-377
                                       §
BP PRODUCTS NORTH AMERICA, INC.,       §          Jury Trial Demanded
                                       §
          Defendant.                   §
                                       §

## ORDER DENYING IN PART DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS (Docket #4)

Defendant has filed a Motion to Stay Proceedings Pending Action by the Judicial Panel on Multidistrict Litigation (Docket # 4). Defendant's motion before the JPML seeks to transfer this case pursuant to 28 U.S.C. § 1407 to a case pending in the Northern District of Illinios in which Judge Zagel has already issued a scheduling order. Defendant's compliance in this case with the dates it must already comply with pursuant to Judge Zagel's order will place no undue burden upon Defendant. Therefore, Defendant's motion is denied in part as follows:

1.    Defendant shall file its answer or motion to dismiss Plaintiff's Complaint by April 4, 2008.

2.    Plaintiff shall file by May 16, 2008 its response to any motion to dismiss filed by Defendant.

3.    Defendant shall file by June 13, 2008 its reply to Plaintiff's response.

4.    The parties may conduct fact discovery commencing March 14, 2008.

5.    The initial pretrial conference scheduled for April 11, 2008 is postponed. The parties shall notify the Court if the JPML denies Defendant's requested transfer, whereupon the Court will reschedule the hearing.

6.    The Rule 26(f) conference shall be concluded no later than 21 days

before, and the joint case management plan will be filed no later than 3

days before, the rescheduled initial pretrial conference.

Date:  March ___, 2008

_____
Nancy F. Atlas
United States District Judge