IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KOCH SUPPLY & TRADING, L.P.,
                              Plaintiff

v.                                                      Civil Action No. 4:08–cv–00377

BP PRODUCTS NORTH AMERICA, INC.,
                              Defendant.

### DEFENDANT BP PRODUCTS NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY

Plaintiff Koch Supply & Trading, L.P. ("Koch") "agrees that the Court's resources should not be expended in considering a matter that might subsequently be transferred to a different district court." (Koch Resp. ¶ 2) Thus, Koch does not dispute the sensibility of BP Products North America, Inc.'s ("BPPNA's") request for a stay of this action pending a ruling by the Judicial Panel on Multidistrict Litigation on its motion to transfer this case to the Northern District of Illinois for consolidation with eighteen other related cases. Nor does Koch dispute the case law routinely granting a complete stay under similar circumstances. Instead, Koch argues, without citation to any authority, for a more limited, modified stay than the one that courts in this district and Circuit consistently grant. Koch does not explain why it would make any sense to depart from established precedent, let alone issue a " modified stay" that would require duplicative motion practice and pleadings in this Court before learning whether the case will be transferred.

Koch's argument that BPPNA would not be burdened if it had to "file its Rule 12 motion in two courts" (Koch Resp. ¶ 6) ignores: (i) the inefficiencies associated with potentially needless and wasteful motion practice and briefing in a second forum; (ii) the waste of judicial resources inherent in asking two courts to decide the same legal issues; and (iii) the very real

prejudice to BPPNA of inconsistent rulings on important legal issues if both courts rule on the separate motions. These risks and the concomitant waste of judicial resources are precisely why other courts in this Circuit routinely stay proceedings pending the JPML's disposition of a motion to transfer. *See, e.g., Scott v. Bayer Corp.*, No. Civ.A. 03-2888, 2004 WL 63978, at *2 (E.D. La. Jan. 12, 2004) (granting motion to stay pending JPML ruling to "minimize risk of inconsistent rulings in related cases"); *Kiffe v. Bristol-Myers Squibb*, No. Civ.A. 03-107, 2003 WL 1462839, at *1-2 (E.D. La. Mar. 19, 2003) (granting motion to stay pending JPML decision would promote "avoidance of inconsistent rulings").

In contrast to the potential burdens and inefficiencies posed by Koch's "modified stay" proposal, the temporary stay BPPNA seeks will cause no prejudice to Koch at all. *First*, Koch incorrectly suggests that a delay in the JPML's ruling might prevent Koch from being "permitted to address the court on the issues presented in BP's anticipated Rule 12(b) motion" in the Northern District of Illinois. (Koch Resp. ¶ 5) Not true. The Northern District of Illinois has no ability to issue any rulings adverse (or favorable) to Koch before it has been joined as a party in the case. Koch would therefore have every opportunity to oppose any Rule 12(b)(6) motion to dismiss directed to its complaint no matter which court ultimately oversees the pre-trial proceedings.

*Second*, Koch is apparently concerned that it will be left out of the briefing process on any BPPNA motion to dismiss the consolidated complaint in Illinois. Any alleged prejudice is of Koch's own doing. Koch waited four years to bring its suit. With full knowledge of the 17 near-identical cases already pending and consolidated in Illinois, Koch chose to file in a separate federal court 1,000 miles away. Koch could have eliminated any supposed prejudice by simply filing its action in Illinois. Even now, Koch can cure its prejudice concerns by simply consenting to a transfer of this action to Illinois, just like plaintiffs in two of the related cases did after initially filing suit in Oklahoma. In any event, the parties in the consolidated related cases have

2

extended the deadline for BPPNA's responsive pleading by another month, until May 9, 2008, and Judge Zagel's Courtroom Deputy has indicated that an Order confirming this date is forthcoming. (*See* Proposed Second Case Management Order & E-mail from Judge Zagel's Chambers, Ex. A) This should give Koch ample time to participate in the briefing on any BPPNA motion to dismiss the consolidated complaint should Koch choose to do so.

*Third*, Koch will have every opportunity to take full discovery in this case, regardless of whether this Court grants BPPNA's stay request. BPPNA anticipates that initial discovery will consist of document subpoenas to third party propane purchasers. Those subpoenas will take several months to resolve. It is exceedingly unlikely that any deposition discovery will commence before the JPML rules. In short, Koch will almost certainly miss no discovery.

*Finally*, Koch's discussion of the merits of BPPNA's Motion to Transfer before the JPML misses the mark. Overlapping legal issues and the prospect of inconsistent pre-trial rulings - which is certainly an issue in this case - militate strongly in favor of transferring all related cases to a single forum for pre-trial proceedings and motions. *See, e.g., In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003) (noting that overlapping legal issues counsel in favor of transfer); *In re Phonometrics, Inc. Elec. Long Distance Call Cost Computer & Recorder Patent Litig.*, No. 1141, 1996 U.S. Dist. LEXIS 21909, at *3 (J.P.M.L. Dec. 11, 1996) (ordering transfer to "prevent inconsistent pretrial rulings"). In any event, depending on the outcome of any motions to dismiss, significant overlapping factual questions will remain on issues such as standing, causation, market definition and damages, which should be resolved by a single court.

Date:   March 11, 2008								Respectfully submitted,

/s/ Thomas T. Hutcheson
Thomas T. Hutcheson
Federal Admission No. 4823
WINSTEAD PC
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
713.650.2717 Direct
713.650.2400 Fax

David J. Zott, P.C.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
312.861.2000
312.861.2200 Fax

***Attorney in Charge of Defendant BP Products North America Inc.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **BP PRODUCTS NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY** was filed electronically on March 11, 2008, and will, therefore, be served electronically upon:

> **Mark C. Harwell**
> **Attorney-in-charge**
> State Bar No. 09191700
> Southern District of Texas ID 0772
> **COTHAM, HARWELL & EVANS**
> A Professional Corporation
> 1616 S. Voss, Suite 200
> Houston, Texas 77057
> Telephone: (713) 647-7511
> Facsimile: (713) 647-7512
> mharwell@cothamharwellevans.com
>
> **ATTORNEYS FOR PLAINTIFF**

/s/ Thomas T. Hutcheson
Thomas T. Hutcheson



"William H. London"
<blondon@fklmlaw.com>
03/07/2008 03:26 PM

To "Morris, Karen" <KMorris@morrisandmorrislaw.com>, "Morris, Frank" <PMorris@morrisandmorrislaw.com>, <akassof@kirkland.com>, "Steven Asher" <Asher@wka-law.com>, "Mindee J. Reuben" <Reuben@wka-law.com>, "Michael J. Freed" <mfreed@fklmlaw.com>

cc

Subject  FW: Schagringas Co. v. BP Products, No. 1:06-CV-3621

Judge Zagel's deputy clerk sent me the email below advising that our proposed CMO will be entered.

*William H. "Billy" London*
**Freed Kanner London & Millen LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
TEL: 224.632.4500
DIRECT DIAL: 224.632.4504
FAX: 224.632.4519

PRIVILEGED ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT. The information in this transmittal may be privileged and/or confidential. It is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Freed Kanner London & Millen LLC immediately at (224) 632-4500 or by return e-mail. Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.



EXHIBIT A

**Visit us at www.fklmlaw.com**

**From:** Donald_Walker@ilnd.uscourts.gov [mailto:Donald_Walker@ilnd.uscourts.gov]
**Sent:** Friday, March 07, 2008 3:21 PM
**To:** William H. London
**Subject:** Re: Schagringas Co. v. BP Products, No. 1:06-CV-3621

The schedule will be entered.

"William H. London" <blondon@fklmlaw.com>

03/07/2008 03:04 PM

To <donald_walker@ilnd.uscourts.gov>
cc <akassof@kirkland.com>, "Morris, Karen" <KMorris@morrisandmorrislaw.com>
Subject Schagringas Co. v. BP Products, No. 1:06-CV-3621

Mr. Walker:

This email is a follow up to the voice mail that I left you this afternoon. The parties in the above referenced action -- the direct purchaser plaintiffs, the indirect purchaser plaintiffs and the defendants -- would like to have the court enter a revised scheduling order that would put both the direct purchaser plaintiffs and the indirect purchaser plaintiffs on the same schedule. For your convenience, I have attached a copy of the proposed order for review. Please advise whether the Court is amenable to entering this order without a formal motion.

Thank you.

Billy London

*William H. "Billy" London*
**Freed Kanner London & Millen LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
TEL: 224.632.4500
DIRECT DIAL: 224.632.4504
FAX: 224.632.4519

PRIVILEGED ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT. The information in this transmittal may be privileged and/or confidential. It is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this

transmittal in error, please notify Freed Kanner London & Millen LLC immediately at (224) 632-4500 or by return e-mail. Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

**Visit us at www.fklmlaw.com**


CMO draft.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: BP PROPANE INDIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) | No. 06 C 3541<br>Judge James B. Zagel |
| IN RE: BP PROPANE DIRECT PURCHASER ANTITRUST LITIGATION | ) ) | No. 06 C 3541<br>Judge James B. Zagel |

### [PROPOSED] CASE MANAGEMENT ORDER NO. 2

Pursuant to Fed. R. Civ. P. 26(f) and 16(b), the Court hereby ORDERS as follows:

1. This Order supersedes the Minute Order dated January 30, 2008, which the Court entered in the *Schagingras Co. et al. v. BP Products North America, Inc. et al.* case, also known as In re: BP Propane Direct Purchaser Antitrust Litigation, Case No. 06 C 3541.

2. **INITIAL DISCLOSURES:** The parties shall make initial disclosures pursuant to Fed. R. Civ. P. 26(a) by April 11, 2008.

3. **CONSOLIDATED COMPLAINT:** The Indirect Purchaser Plaintiffs shall file a Consolidated Complaint no later than April 4, 2008.

4. **DEFENDANT TO ANSWER OR OTHERWISE PLEAD:** Defendants shall answer or otherwise plead no later than May 9, 2008 in response to: (i) the Direct Purchasers' Amended Consolidated Complaint; and (ii) the Indirect Purchasers' Consolidated Complaint.

    5.    **STATUS CONFERENCE:** A status conference shall be scheduled on September __, 2008 at ____ a.m./ p.m. The parties shall be prepared to discuss the status of discovery and to propose a schedule for class certification briefing in both sets of actions.

**IT IS SO ORDERED.**

DATE:_____

                                                      _____
                                                      JAMES B. ZAGEL
                                                    UNITED STATES DISTRICT JUDGE