UNITED STATES
SOUTHERN DISTRICT OF TEXAS
FILED

APR 0 2

Michael N. Milby, Clerk of Court

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| In re: | § § | |
| BP PRODUCTS NORTH AMERICA, INC. ANTITRUST LITIGATION | § § § § | MDL DOCKET NO. 1946 |

**BP PRODUCTS NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR TRANSFER AND CONSOLIDATION OF PRE-TRIAL PROCEEDINGS
PURSUANT TO 28 U.S.C. § 1407**

## INTRODUCTION

Plaintiff Koch Supply & Trading, L.P. ("Koch") does not dispute that transfer and consolidation of Koch's case against BP Products North America, Inc. ("BPPNA") with the eighteen Related Cases would (1) avoid the possibility of conflicting pretrial rulings, (2) eliminate or reduce duplicative discovery, and (3) conserve the efforts and resources of the parties and the judiciary. Instead, while conceding that some form of discovery coordination between the Northern District of Illinois (where the other eighteen Related Cases have been filed or transferred) and the Southern District of Texas (where Koch has filed its Complaint) is appropriate (*see* Koch Resp. at 8), Koch nonetheless opposes transfer and consolidation, principally on the ground that no disputed common issue of fact remains to be resolved. (Koch Resp. at 3-4).

In fact, numerous issues of fact, as well as of law, remain to be resolved. Resolution of these issues will involve the same discovery and pretrial proceedings in each of the Related Cases--including Koch's. This, in short, is a textbook case for transfer and consolidation. And, because the 18 Related Cases are all pending in the Northern District of Illinois, where the court has managed them for the past two years, transfer to that court is by far the most sensible choice of forum.

I.   **KOCH DOES NOT DISPUTE THAT CENTRALIZING ALL RELATED CASES WOULD SERVE THE CORE PURPOSES OF SECTION 1407(a).**

In deciding whether to consolidate related cases, the Panel considers whether centralization will (1) avoid the possibility of conflicting pretrial rulings, (2) eliminate or reduce duplicative discovery, and (3) conserve the efforts and resources of the parties, their counsel, witnesses, and the judiciary. *See, e.g., In re Seroquel Prods. Liab. Litig.*, MDL No. 1769, 447 F. Supp. 2d 1376, 1378-79 (J.P.M.L. 2006); *In re Ephedra Prods. Liab. Litig.*, 314 F. Supp. 2d 1373, 1375 (J.P.M.L. 2004); *In re Deere & Co. Cotton Picker Fire Prods. Liab. Litig.*, No. 1282, 1999 U.S. Dist. LEXIS 10664, at *2-3 (J.P.M.L. July 13, 1999). Koch does not dispute that a centralization of *all* actions in the Northern District of Illinois would serve each of these core purposes of transfer and consolidation under 28 U.S.C. § 1407(a). That alone suffices to overrule Koch's objection.

Instead, Koch's Response concedes that some form of discovery coordination is appropriate. (Koch Resp. at 8) Koch even recently argued to the United States District Court for the Southern District of Texas that it would be prejudiced were it unable to participate in dismissal briefing and discovery proceedings in the cases pending in the Northern District of Illinois, or to proceed on a parallel track with the Related Cases. (*See* Case No. 4:08-cv-00377, S.D.Tex., Dkt. No. 8, Koch Resp. to BPPNA's Motion to Stay at ¶¶ 5-6). Koch's desire to obtain the same discovery and participate in motion practice in the other Related Cases confirms the substantial overlap between *Koch* and the other Related Cases and underscores the need for a transfer and consolidation. *See, e.g., In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003) (noting that "complex legal and factual questions" counsel in favor of transfer, and promotes the goal of "prevent[ing] inconsistent pretrial rulings"); *In re MLR, LLC, Patent Litigation*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) (where "actions can . . . be

expected to share factual and legal questions" consolidation is "necessary in order to . . . prevent inconsistent pretrial rulings"); *In re Phonometrics, Inc., Elec. Long Distance Call Cost Computer & Recorder Patent Litigation*, No. 1141, 1996 U.S. Dist. LEXIS 21909, at *3 (J.P.M.L. Dec. 11, 1996) (similar).

II. **THERE ARE SIGNIFICANT, UNRESOLVED ISSUES OF FACT THAT WILL REQUIRE DUPLICATIVE DISCOVERY AND PRE-TRIAL PROCEEDINGS AMONG ALL OF THE RELATED CASES.**

Koch's primary argument -- that BPPNA has somehow failed to carry the burden of demonstrating "the existence of *unresolved*, common, and complex issues [of fact] among the cases . . ." (Koch Resp. at 3) -- misstates both the applicable burden upon BPPNA and the factual record before the Panel. ***First***, contrary to Koch's argument, "[t]ransfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer." *In re Katz Interactive Call Processing Patent Litigation*, 481 F. Supp.2d 1353, 1355 (J.P.M.L. 2007); *In re ClassicStar Mare Lease Litigation*, 528 F. Supp. 2d 1345, 1346 (J.P.M.L. 2007) (similar). This Panel has routinely consolidated cases despite the objection of individual parties (such as Koch) that their own claims presented narrower, unique questions of fact or law. *See, e.g., In re Ameriquest Mortg. Co. Mortg. Lending Practices Litigation*, 408 F. Supp. 2d 1354, 1355 (J.P.M.L. 2005) (granting request for transfer and consolidation despite the fact that plaintiffs sought redress on different theories and represented varying putative classes); *In re Ins. Brokerage Antitrust Litigation*, 360 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005) (consolidating cases despite opposition on grounds that certain claims were narrower and unique). Centralization turns not on a complete identity of factual issues, but on whether the factual issues raised by the Related Cases would require overlapping discovery or duplicative pretrial proceedings. *See, e.g., In re Katz Interactive Call Processing Patent Litigation*, 481 F. Supp. 2d at 1355.

3

Koch concedes in its objection that discovery and pretrial proceedings will be duplicative. Indeed, Koch copied the pertinent factual allegations almost *verbatim* from the Complaint filed in *Guin v. BP Products North America, Inc.*, No. 07 CV 3531 (N.D. Ill.), which was the most recently-filed Related Case at the time Koch filed its own Complaint. Koch parroted the allegations of *Guin* right down to the topic headings, underlining, punctuation and placement of bold and italics for emphasis. (*Compare Koch* Compl. ¶¶ 6-12, 14-27, 29-35, 37-90 *with Guin* Compl. ¶¶ 22-25, 27-29, 33-46, 49-56, 58-84, 86-106, 109-115) In all, 82 of the total 112 paragraphs in the *Koch* Complaint were copied in whole or in part directly from the *Guin* Complaint (which, in turn, copied allegations from other Related Cases). The four corners of Koch's Complaint alone discharges BPPNA's "burden" to show why centralization is appropriate.

*Second*, although BPPNA has admitted to certain facts, those admissions do not resolve all potential disputed factual issues. BP has stipulated that its employees manipulated the TET propane market between February 5 and March 12, 2004. (Ex. 2 to Koch Resp. at ¶ 1) BPPNA's stipulation leaves open a number of complex factual issues relating to proper market definition, causation, injury in fact and damages. Resolution of these and other factual issues will depend on overlapping factual discovery and expert analysis, and will require the parties to collect market data and other information from a number of third parties (who should not be required to respond to discovery requests multiple times simply because Koch desires to proceed separately from other cases).[1]

*Finally*, Koch's unique damages issues do not favor a denial of BPPNA's Motion. (*See* Koch Resp. at 4-5) For example, Koch's computation of the "unmanipulated, fair market value"

---

[1] BPPNA does not believe that Koch or plaintiffs in any of the Related Cases have stated a valid antitrust claim, but that is an issue for another court, on another day.

4

of the propane it purchased will require fact discovery and expert analysis duplicative of that in the Related Cases, all of which seek to calculate damages by comparing the actual price of their propane purchases to the "unmanipulated, fair market value" of propane during the relevant time period. (*Id.*)

Similarly, Koch's argument that the Texas antitrust statute requires a finding that BPPNA's conduct was "willful or flagrant" as a prerequisite for the recovery of treble damages does not support a denial of BPPNA's Motion. (*See* Koch Resp. at 5) The antitrust statutes of at least four other states at issue in the Related Cases--including Iowa, Arizona, Michigan and North Dakota, likewise require a finding of "willful" and/or "flagrant" conduct as a prerequisite for the recovery of special or exemplary damages. *See* I.C.A. § 553.12 (2007), A.R.S. § 44-1408(B) (2007); MCLA § 445.778(2) (2007); N.D.C.C. §51-08.1-08 (2007); *Dennison v. BP Products North America, Inc. et al.*, No. 06 CV 3541, Am. Compl. at ¶¶ 45, 49, 52 & 60; *Cassells v. BP Products North America, Inc. et al.*, No. 06 CV 3837, Compl. at ¶¶ 85, 89, 92 & 100; *Guin v. BP Products North America, Inc.*, No. 07 CV 3531, Compl. at ¶¶ 180, 184, 187 & 192; *Levin v. BP Products North America, Inc.*, No. 06 CV 3570, Compl. at ¶¶ 180, 183, 186 & 191; *Mowers v. BP products North America, Inc.*, No. 06 CV 4680, Compl. ¶¶ 79, 83, 86 & 94; *Sydor v. BP Products North America, Inc.*, No. 06 CV 4188, Compl. ¶ 127; *Terry v. BP Products North America, Inc.*, No. 06 CV 3551, Compl. ¶ 126; *Withum v. BP Products North America, Inc.*, No. 06 CV 3744, Compl. ¶ 127.

### III. THE EXISTENCE OF CONSOLIDATED CASES IN THE NORTHERN DISTRICT OF ILLINOIS SUPPORTS TRANSFER AND CONSOLIDATION UNDER § 1407.

In its Response, Koch engages in some mathematical sleight-of-hand that reduces the nineteen pending Related Cases down to only four, and then argues that there are not enough cases to make consolidation and transfer worthwhile. (Koch Resp. at 1-3) Even if Koch's math

were correct, its point would not be, as this Panel has previously granted Section 1407 Motions to centralize four (or fewer) cases. *See, e.g., In re Ace Ltd. Securities Litigation*, 370 F. Supp. 2d 1353, 1354 (J.P.M.L. 2005) (granting § 1407 motion where there were a total of four related cases, three of which were pending in the same judicial district); *In re Shell Oil Products Co. Dealer Franchise Litigation*, 206 F. Supp. 2d 1373, 1374 (J.P.M.L. 2002) (granting §1407 motion as to three related cases pending in three different judicial districts); *In re Amoxicillin Patent and Antitrust Litigation*, 449 F. Supp. 601 (J.P.M.L. 1978) (granting § 1407 motion as to three related cases).

More importantly, the only reason that Koch can argue that there are only four cases is that the plaintiffs in the other eighteen Related Cases already have recognized that MDL-type consolidation is in the best interests of all parties and best promotes efficient adjudication of the issues, and have therefore agreed to consolidation before a single judge in the Northern District of Illinois. Indeed, one plaintiff originally sought a JPML consolidation, but voluntarily withdrew its motion by simply agreeing to transfer its action from Oklahoma to Illinois. (*See* Exhibits 1 & 2 to BPPNA's Motion).

Koch is the only plaintiff anywhere that seeks to avoid consolidation and to proceed independently in a forum 1,000 miles away from the Northern District of Illinois. The collective decision of eighteen groups of other plaintiffs to proceed in a coordinated, consolidated fashion in the Northern District of Illinois should weigh heavily in favor of transferring Koch's case to the Northern District of Illinois for consolidation with the other Related Cases. *See, e.g., In re Regents of Univ. of California*, 964 F.2d 1128, 1136 (Fed. Cir. 1992) (upholding J.P.M.L. transfer to the Southern District of Indiana because, *inter alia*, "the broader-based of these actions, as well as the earliest filed, were already in the Indiana court" and "the Indiana court had

6

developed more familiarity with the issues."); *In re Helicopter Crash Near Meadview, Ariz., on Aug. 10, 2001*, 330 F. Supp. 2d 1365, 1366 (J.P.M.L. 2004) (District of Arizona was appropriate transferee forum where four of the five actions were already pending there); *In re Republic National-Realty Equities Securities Litigation*, 382 F. Supp. 1403, 1406-07 (J.P.M.L. 1974) (S.D.N.Y. was appropriate transferee court in part because 13 of the 18 actions at issue were already pending there); *In re Air Crash Disaster Near Dayton, Ohio*, 310 F.Supp. 798, 799 (J.P.M.L.1970) (transferring action to district where "vast majority of the pending actions were filed in or have been transferred to.")

Finally, Koch's argument that its own witnesses and documents are located in the Southern District of Texas is counterbalanced by the facts that: (i) the Northern District of Illinois is the forum most convenient for many of the other plaintiffs; (ii) BPPNA's own headquarters are located in the Northern District of Illinois; (iii) because of the preceding criminal and regulatory investigations, many documents have been stored electronically, and thus can be accessed from any location; and (iv) witnesses on the remaining fact and expert issues, including third parties from whom it will be necessary to obtain discovery, are scattered throughout the United States. Accordingly, the Northern District of Illinois is the appropriate venue for centralization of all of the Related Cases.

### IV. KOCH WILL NOT BE UNDULY BURDENED OR PREJUDICED BY TRANSFER AND CONSOLIDATION WITH THE OTHER RELATED CASES.

Finally, Koch argues that it should be permitted to engage in duplicative discovery and pre-trial proceedings because, after lagging behind the other plaintiffs by almost two years in filing its Complaint, Koch now fears that its progress will be impeded by briefing on class

certification issues.[2] (Koch Resp. at 6-7) If Koch does not want to participate in class certification proceedings, it is difficult to see how Koch could be burdened by "the complexities and cost of Rule 23." (Koch Resp. at 7) Further, Judge Zagel has already set a schedule that contemplates several months of pretrial discovery and briefing of legal issues *before* scheduling issues concerning class certification. (*See* Case No. 1:06-cv-03541, N.D.Ill., Dkt. No. 93, Scheduling Order) Koch will have every opportunity to participate in pre-certification discovery and motion practice and, if it wishes, to propose whatever schedule or other accommodation it would like to avoid getting entangled in class certification briefing and resolution.

Koch's argument that it would be "inconsistent" and a "waste of [Koch's] resources" if BPPNA opposes class certification after seeking § 1407 transfer is difficult to understand. (*See* Koch Resp. at 7) The propriety of transfer under § 1407 and class certification under Rule 23 are fundamentally different inquiries, governed by different standards, and requiring different proofs. This panel has routinely granted MDL consolidation in cases where class certification was later challenged--in some cases successfully, in others not. *See, e.g., Kern v. Siemens Corp.*, 393 F.3d 120, 129 (2d Cir. 2004) (reversing district court's grant of class certification following JPML transfer and remanding for an order denying class certification motion); *In re Vioxx Products Liability Litigation*, 239 F.R.D. 450, 463 (E.D. La. 2006) (denying class certification motion following JPML transfer); *In re Folding Carton Antitrust Litigation*, 88 F.R.D. 211, 221 (N.D. Ill. 1980) (denying class certification motion following JPML transfer).

---

[2] There are a total of eighteen Related Cases pending in the Northern District of Illinois, but one of those cases - *Amerigas Propane L.P. and FerrellGas L.P. v. BP North America, Inc. et al.*, No. 08 C 981 (N.D. Ill.) - is not a putative class action. Only 17 Related Cases seek certification of a proposed class.

8

## CONCLUSION

For all of the foregoing reasons, BPPNA respectfully requests that the Court consolidate all of the Related Cases, including *Koch*, pursuant to 28 U.S.C. § 1407. BPPNA further requests transfer of *Koch* to the Northern District of Illinois, where all eighteen of the other Related Cases are already pending.

Date:   April 1, 2008

Respectfully submitted,

/s/ Richard C. Godfrey

Richard C. Godfrey, P.C.
David J. Zott, P.C.
Andrew A. Kassof
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:   (312) 861-2000
Facsimile:   (312) 861-2200

*Attorneys for Defendant BP Products North America, Inc.*

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: § <br> § <br> BP PRODUCTS NORTH AMERICA, INC. § <br> ANTITRUST LITIGATION § <br> § | MDL DOCKET NO. 1946 |

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing BP PRODUCTS NORTH AMERICA, INC.'s REPLY IN SUPPORT OF ITS MOTION FOR TRANSFER AND CONSOLIDATION OF PRE-TRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407 was served via Federal Express on April 1, 2008 on the persons listed on the attached Panel Attorney Service List.

I further certify that a copy of the same foregoing document was served via Federal Express on April 1, 2008 on the persons listed below (Schedule of Actions attached for reference):

Clerk of Court
U.S.D.C. Northern District Illinois
Everett McKinley Dirksen Building
20th Floor
219 South Dearborn Street
Chicago, IL 60604

Clerk of Court
U.S.D.C. Southern District of Texas
Houston Division
United States Court House
515 Rusk Avenue, 5th Floor
Houston, TX 77002

Date: April 1, 2008

/s/ David J. Zott
David J. Zott, P.C.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:   (312) 861-2000
Facsimile:   (312) 861-2200

*Attorney for Defendant BP
Products North America, Inc.*

## SCHEDULE OF ACTIONS

RECEIVED
CLERK'S OFFICE
2008 FEB 28 P 3: 11
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff(s):** Richard Dennison; Stephan Hesano **Defendant(s):** BP Products North America, Inc.; Dennis Abbott; Mark Radley; Cody Claborn | N.D. Ill | 06 CV 3541 | James B. Zagel |
| **Plaintiff(s):** Donald Terry; Jennifer Terry **Defendant(s):** BP Products North America, Inc. | N.D. Ill. | 06 CV 3551 | James B. Zagel |
| **Plaintiff(s):** Myles Levin **Defendant(s):** BP Products North America, Inc. | N.D. Ill. | 06 CV 3570 | James B. Zagel |
| **Plaintiff(s):** SchagrinGAS Co.; Styer Gas; Parke J. Patten, Inc. dba Patten, Inc. or Patten's Gas **Defendant(s):** BP North America, Inc.; Donald Byers; Martin Marz; James Summers; Mark Radley; Dennis Abbott; Cody Claborn | N.D. Ill. | 06 CV 3621 | James B. Zagel |
| **Plaintiff(s):** Michael Withum (VT) **Defendant(s):** BP Products North America, Inc. | N.D. Ill. | 06 CV 3744 | James B. Zagel |
| **Plaintiff(s):** Deborah Cassells; James Marcello **Defendant(s):** BP Products North America, Inc.; Donald Cameron Byers; James Summers; Martin Marz; Dennis Abbott; Mark Radley; Cody Claborn | N.D. Ill. | 06 CV 3837 | James B. Zagel |
| **Plaintiff(s):** Gregory Sydor **Defendant(s):** BP Products North America, Inc. | N.D. Ill. | 06 CV 4188 | James B. Zagel |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff(s):**<br>Kurt Nebel<br>**Defendant(s):**<br>BP Products North America, Inc.; Dennis Abbott; Mark Radley; Cody Claborn | N.D. Ill. | 06 CV 4363 | James B. Zagel |
| **Plaintiff(s):**<br>H. Steven Plaut (KY); David A. Mullins III (KY)<br>**Defendant(s):**<br>BP Products North America, Inc.; Dennis Abbott; Mark Radley; Cody Claborn | N.D. Ill | 06 CV 4577 | James B. Zagel |
| **Plaintiff(s):**<br>Donald Mowers<br>**Defendant(s):**<br>BP Products North America, Inc. | N.D. Ill. | 06 CV 4680 | James B. Zagel |
| **Plaintiff(s):**<br>Drew Halpern<br>**Defendant(s):**<br>BP Products North America, Inc.; Dennis Abbott; Mark Radley; Cody Claborn | N.D. Ill. | 06 CV 4736 | James B. Zagel |
| **Plaintiff(s):**<br>Scott Meharg<br>**Defendant(s):**<br>BP Products North America, Inc.; Dennis Abbott; Mark Radley; Cody Claborn | N.D. Ill. | 06 CV 5293 | James B. Zagel |
| **Plaintiff(s):**<br>Craig Ridgway<br>**Defendant(s):**<br>BP Products North America, Inc. | N.D. Ill. | 06 CV 6108 | James B. Zagel |
| **Plaintiff(s):**<br>Anita White<br>**Defendant(s):**<br>BP Products North America, Inc. | N.D. Ill. | 06 CV 6994 | James B. Zagel |
| **Plaintiff(s):**<br>David Guin<br>**Defendant(s):**<br>BP Products North America, Inc. | N.D. Ill. | 07 CV 3531 | James B. Zagel |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff(s):**<br>AmeriGas Propane L.P.; Ferrellgas, L.P.<br>**Defendant(s):**<br>BP North America, Inc.; Donald Byers; Martin Marz; James Summers; Mark Radley; Dennis Abbott; Cody Claborn | N.D. Ill. | 08 CV 981 | John W. Darrah |
| **Plaintiff(s):**<br>Koch Supply & Trading, L.P.<br>**Defendant(s):**<br>BP Products North America, Inc. | S.D. Tex. | 08 CV 377 | Nancy F. Atlas |

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**  Page 1

Docket: 1946 - IN RE: BP Products North America, Inc., Antitrust Litigation (No. II)
Status: Pending on  / /
Transferee District:        Judge:                                                          Printed on 03/17/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Altman, Stuart M.<br>HOGAN & HARTSON LLP<br>555 13th Street, N.W.<br>Washington, DC 20004 | => Phone: (202) 637-3617  Fax: (202) 637-5910  Email: smaltman@hhlaw.com<br>Marz, Martin* |
| Asher, Steven A.<br>WEINSTEIN KITCHENOFF & ASHER LLC<br>1845 Walnut Street<br>Suite 1100<br>Philadelphia, PA 19103 | => Phone: (215) 545-7200  Fax: (215) 545-6535  Email: asher@wka-law.com<br>SHV Gas Supply & Trading SAS*; Styer Gas* |
| Bernstein, Gregg L.<br>ZUCKERMAN SPAEDER LLP<br>100 East Pratt Street<br>Suite 2440<br>Baltimore, MD 21202 | => Phone: (410) 547-8705  Fax: (410) 659-0436<br>Summers, James |
| Duffy, Jerrob<br>U.S. Dept. of Justice<br>Fraud Section<br>950 Pennsylvania Avenue<br>Washington, DC 20530 | => Phone: (202) 514-4018<br>United States Department of Justice |
| Eggleston, W. Neil<br>DEBEVOISE & PLIMPTON LLP<br>555 West 13th Street NW<br>Suite 1100 East<br>Washington, DC 20004 | => Phone: (202) 383-8000  Fax: (202) 383-8118  Email: wneggles@debevoise.com<br>Byers, Donald Cameron* |
| Flynn, Kevin M.<br>KEVIN M FLYNN & ASSOCIATES<br>77 West Wacker Drive<br>Suite 4800<br>Chicago, IL 60601 | => Phone: (312) 456-0240<br>Claborn, Cody |
| Godfrey, Richard C.<br>KIRKLAND & ELLIS LLP<br>200 East Randolph Drive<br>Chicago, IL 60601 | => Phone: (312) 861-2391  Fax: (312) 861-2200  Email: rgodfrey@kirkland.com<br>BP Products North America, Inc.* |
| Harwell, Mark C.<br>COTHAM HARWELL & EVANS PC<br>1616 South Voss<br>Suite 200<br>Houston, TX 77057 | => Phone: (713) 647-7511  Fax: (713) 647-7512<br>KOCH Supply & Trading, L.P.* |
| Lovell, Christopher<br>LOVELL STEWART HALEBIAN LLP | => Phone: (212) 608-1900  Fax: (212) 719-4677  Email: clovell@lshllp.com<br>Cassells, Deborah; Dennison, Richard; Guin, David; Halpern, Drew; Hesano, Stephen; Levin, |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 500 Fifth Avenue<br>Floor 58<br>New York, NY 10110 | Myles; Marcello, James; Meharg, Scott; Mowers, Donald; Mullins, III, David A.; Nebel, Kurt; Plaut, H. Steven; Ridgway, Craig; Sydor, Gregory; Terry, Donald; Terry, Jennifer; White, Anita; Withum, Michael |
| Mann, Monte L.<br>NOVACK & MACEY<br>100 North Riverside Plaza<br>Suite 1500<br>Chicago, IL 60606 | =>Phone: (312) 419-6900<br>Radley, Mark |
| Montgomery, Marsha<br>501 Westlake Park Boulevard<br>Houston, TX 77079 | =><br>BP America Production Co.; BP America, Inc.; BP Corp. of North America, Inc.; BP Energy Co.; BP International Services Co. |
| Morris, Patrick F.<br>MORRIS & MORRIS LLC<br>4001 Kennett Pike<br>Suite 300<br>Wilmington, DE 19807 | =>Phone: (302) 426-0400  Fax: (302) 426-0406  Email: pmorris@morrisandmorrislaw.com<br>Schagringas Co.* |
| Skiko, Peter G.<br>SWANSON MARTIN & BELL LLP<br>330 North Wabash<br>Suite 3300<br>Chicago, IL 60611 | =>Phone: (312) 321-9100<br>Amerigas Propane, L.P.; Ferrellgas, L.P. |
| Spafford, Michael L.<br>MCKEE NELSON LLP<br>1919 M. Street, N.W.<br>Suite 200<br>Washington, DC 20036 | =>Phone: (202) 327-8590  Fax: (202) 775-8586  Email: mspafford@mckeenelson.com<br>Abbott, Dennis* |
| Tucker Ronzetti, Thomas A.<br>KOZYAK TROPIN & THROCKMORTON PA<br>2525 Ponce de Leon Blvd.<br>9th Floor<br>Miami, FL 33134 | =>Phone: (305) 372-1800  Fax: (305) 372-3508  Email: TR@kttlaw.com<br>Parke J. Patten, Inc. dba Patten, Inc.* |
| Zott, David J.<br>KIRKLAND & ELLIS LLP<br>200 East Randolph Drive<br>Suite 5800<br>Chicago, IL 60601 | =>Phone: (312) 861-2000  Fax: (312) 861-2200<br>BP North America, Inc. |

Note: Please refer to the report title page for complete report scope and key.